T.C. Memo. 2011-264

UNITED STATES TAX COURT

JOYCE ANN LINZY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23538-09.                    Filed November 7, 2011.

Joyce Ann Linzy, pro se.

<u>Brian A. Press</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of

$15,619 in petitioner's Federal income tax for 2007 and an

accuracy-related penalty under section 6662(a)[1] of $3,124.[2]

After concessions,[3] the issues for decision are: (1) Whether petitioner substantiated deductions claimed on her Schedule C, Profit or Loss From Business, and Schedule E, Supplemental Income and Loss; (2) whether petitioner substantiated deductions for medical expenses, charitable contributions, and home mortgage interest;[4] and (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a).[5]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Illinois at the time the petition was filed.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All amounts are rounded to the nearest dollar.

[3] Petitioner concedes that she failed to report gambling income of $2,500 on her Form 1040, U.S. Individual Income Tax Return, for 2007. Respondent concedes that the $12,960 of Social Security income petitioner received on behalf of her minor children was not taxable.

[4] Petitioner claimed the standard deduction on her 2007 tax return. At trial petitioner stated that she would like to itemize her deductions.

[5] Adjustments made to petitioner's self-employment tax, child tax credit, and earned income credit are computational and will be resolved by our holding herein.

During 2007 petitioner owned and operated an income tax return preparation business (tax return business).[6] Petitioner operated her tax return business out of an apartment building (building) that she owned. The building consisted of two floors, with separate apartments on each floor, and a basement. Petitioner used the first floor apartment (unit one) for her tax return business. Petitioner used the basement and part of the second floor apartment (unit two) for her personal residence.[7] Petitioner rented the portion of unit two that she did not use as her personal residence.[8] In 2007 petitioner paid mortgage interest and points of $14,971 on the building.

Petitioner prepared her Form 1040 for 2007. She attached a Schedule C for her tax return business and attached a Schedule E to report her gross income and expenses related to her rental activity.

On her Schedule C petitioner reported gross receipts of $87,994 and total expenses of $73,503. Respondent disallowed all

---

[6] Petitioner had been employed as an income tax return preparer since 1995 before she opened her own tax return business in 2004.

[7] Unit one is the same size as unit two. Petitioner did not know the exact square footage of the building or each unit.

[8] Respondent treated the rented room as one-sixth of the building for purposes of the mortgage interest deduction allowance. Petitioner did not object to this or establish that she rented a greater portion of the house. Thus, for all relevant purposes we treat petitioner as having rented one-sixth of the building.

or part of petitioner's claimed expenses for contract labor, repairs and maintenance, and utilities. Petitioner also claimed a mortgage interest deduction of $7,250 on her Schedule C.

On her Schedule E petitioner reported rents received of $4,800 and expenses relating to her rental activity of $15,887. The expenses included $7,250 of mortgage interest paid, of which respondent disallowed $5,148.

Petitioner did not elect to itemize her deductions but rather claimed the standard deduction. However, at trial petitioner stated that she would like to itemize her deductions. Petitioner stated that in 2007 she paid $12,000 for medical expenses and contributed $12,350 to charities. In 2007 petitioner made a $195 cash contribution to Lakeshore Public Television, and on May 8, 2007, she contributed $2,400 to Schneider Public School. Petitioner also made several contributions to Faith Deliverance Christian Center (Faith Deliverance) during 2007. The contributions to Faith Deliverance are evidenced by a letter from the church dated January 19, 2010, indicating that petitioner contributed a total of $7,500, and several copies of checks, all for amounts of $250 or more. In addition petitioner made several contributions to Progressive Ministries. These contributions are evidenced by a tithing statement from Progressive Ministries dated January 19, 2010, stating that petitioner contributed a total of $2,255, and

several copies of checks, some of which are for amounts less than $250.

OPINION

## I. Deficiency

The Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving the determinations erroneous. Rule 142(a). The taxpayer bears the burden of proving that he or she is entitled to any deduction claimed, and this includes the burden of substantiation. Id.; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001.

### A. Schedule C Expenses

On her Schedule C for her tax return business petitioner reported $87,994 of gross income and $73,503 of total expenses. Respondent denied all of petitioner's claimed $34,880 of contract labor expenses, $1,291 of petitioner's claimed $4,000 utilities expense, and $1,837 of petitioner's claimed $7,800 repairs and maintenance expense.

Section 162(a) provides a deduction for certain business-related expenses.[9]  In order to qualify for the deduction under section 162(a), "an item must (1) be 'paid or incurred during the taxable year,' (2) be for 'carrying on any trade or business,' (3) be an 'expense,' (4) be a 'necessary' expense, and (5) be an 'ordinary' expense."  Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); see also Commissioner v. Tellier, 383 U.S. 687, 689 (1966) (the term "necessary" imposes "only the minimal requirement that the expense be 'appropriate and helpful' for 'the development of the [taxpayer's] business'" (quoting Welch v. Helvering, 290 U.S. 111, 113 (1933))); Deputy v. du Pont, 308 U.S. 488, 495 (1940) (to qualify as "ordinary", the expense must relate to a transaction "of common or frequent occurrence in the type of the business involved").  Whether an expense is ordinary is determined by time, place, and circumstances.  Welch v. Helvering, supra at 113-114.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the expense, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order for the Court to

---

[9]  On the other hand, sec. 262(a) generally disallows a deduction for personal, living, or family expenses.

estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Id. at 542-543.  Without such basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Petitioner presented canceled checks, bank account statements, receipts, and invoices purporting to substantiate various items claimed as business expense deductions.  These records are not well organized and have not been submitted to the Court in a fashion that allows for easy association with the portions of deductions that remain in dispute.  Nevertheless, we make what sense we can with what we have to work with and summarize our findings in the following paragraphs.

1.  Contract Labor

In general, payments made or incurred by a trade or business for personal services rendered are ordinary and necessary business expenses and may be deducted under section 162.  Sec. 1.162-7(a), Income Tax Regs.  Petitioner claimed on her Schedule C a deduction of $34,880 for contract labor.  Respondent disallowed the entire amount for lack of substantiation.  None of the numerous receipts petitioner offered in support of her claimed contract labor expense were for contract labor.[10] However, some of the receipts were for valid business expenses

_____

[10]  For example, petitioner introduced receipts for blinds, carpet, repairs, and furniture.

properly deductible elsewhere on petitioner's Schedule C.  We permit those expenses to be deducted and discuss them below in the appropriate expense category.

At trial petitioner attempted to claim a deduction for additional contract labor expenses.  Petitioner introduced photocopies of checks and a few pages of someone's handwritten timesheet.  The checks are photocopied such that the dates are missing or incomplete, and the full amount cannot be determined for one of the checks.  These records are incomplete, and there is not enough information to permit a reasonable estimate.  Accordingly, respondent's complete disallowance of petitioner's $34,880 deduction for contract labor is sustained.

### 2.  Mortgage Interest

Petitioner claimed a deduction of $7,250 for mortgage interest related to her tax return business.  Petitioner is permitted to deduct on her Schedule C only the mortgage interest associated with her tax return business.  See sec. 162(a); Coffman v. Commissioner, T.C. Memo. 2000-7 (permitting mortgage interest relating to home office to be deducted on Schedule C).  Petitioner paid $14,971 in mortgage interest for the building in 2007.  One-third of the building was used for petitioner's tax return business.  Thus, petitioner is entitled to deduct one-third of the mortgage interest, or $4,990, on her Schedule C.

### 3. Repairs and Maintenance

On her Schedule C petitioner claimed a deduction of $7,800 for repairs and maintenance. Respondent allowed only $5,963.[11] Petitioner introduced no evidence with respect to the portion of the repairs and maintenance expense respondent denied. Petitioner did, however, attempt to deduct $100 for repair work on unit one's security system as contract labor. This expense is properly deductible as a repairs and maintenance expense. Thus, in addition to the repairs and maintenance expense allowed in the notice of deficiency, petitioner is entitled to deduct an additional $100.

### 4. Utilities

Petitioner claimed a deduction of $4,000 on her Schedule C for utilities. Respondent allowed only $2,709. After reviewing the evidence we conclude that petitioner is entitled to deduct more than respondent allowed but less than what she claimed. To substantiate her utilities expense deduction, petitioner provided

---

[11] Respondent allowed the following repair expenses: $2,100 to Hugo Gomez (carpet), $438 to Butler Home (doors), $60 to Complete Relief (heating repair), $57 to Wal-Mart (totes), $298 Anna's Linen (window treatment), $600 to Rossi Custom (lamps and tables), $2,360 to Rossi Custom (furniture), and $50 to Century Tile (measuring for carpet). Several of these expenses were expenses petitioner had claimed for contract labor.

her monthly statements for gas, electricity, and security alarm service.[12]

According to her gas and electric statements, in 2007 petitioner paid $2,787 for gas and $685 for electricity for unit one. Petitioner paid $27 per month for security alarm services for unit one, for a total of $324 paid during 2007.

Accordingly, petitioner is entitled to deduct $3,796 for utilities on her Schedule C. Thus, in addition to the utilities expense deduction allowed in the notice of deficiency, petitioner is entitled to deduct $1,087.

### 5. Depreciation

Petitioner listed no depreciation expense on her Schedule C. However, during 2007 petitioner purchased several depreciable items. She did not depreciate the costs of these items but instead claimed the costs as contract labor expenses. Petitioner must depreciate the property she purchased in 2007 for her tax return business if the property has a useful life greater than 1 year. See sec. 167; Bruns v. Commissioner, T.C. Memo. 2009-168 (requiring taxpayer to depreciate cost of CD player and furniture because they had expected useful life greater than 1 year). The following expenses must be depreciated: $850 for blinds (Eddie Z), $1,133 for vacuum (Oreck), $135 for desk (Staples), $260 for

---

[12] The utilities were billed separately to each unit; thus, the utility bills for petitioner's tax return business are separate from the utility bills for her personal residence.

draw file (Staples), $4,803 for dining set (Wickes), and $633 for fence (Ramirez Iron Works).

The expenses petitioner incurred for siding and tuckpointing the building are capital expenditures. Capital expenditures include any amount paid for permanent improvements or betterments made to increase the value of any property. See sec. 263(a)(1). A taxpayer is not entitled to deduct a capital expenditure but may be allowed a depreciation deduction if the property is used in a trade or business or is held for the production of income. Secs. 263(a)(1), 167; see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 83-84 (1992). Petitioner must capitalize the $2,859 paid for siding (Grace Home Improvements) and the $1,467 paid for tuckpointing (Grace Home Improvements). Section 168(c) provides that the recovery period for nonresidential real property is 39 years. Petitioner has not suggested that any of the shorter recovery periods listed in section 168(c) applies. Improvements made to real property are depreciated using the same recovery period applicable to the underlying property as if the underlying property were placed in service at the time the improvements were made. Sec. 168(i)(6). Therefore, the amounts must be capitalized with a 39-year recovery period.

The parties shall determine in their Rule 155 computations the exact amount of the depreciation deduction to which petitioner is entitled.

B. Schedule E Mortgage Interest Deduction

Petitioner reported on her Schedule E rents received of $4,800 and expenses of $15,887 associated with her rental activity.[13] Petitioner claimed a deduction of $7,250 for mortgage interest, and respondent allowed only $2,102. Section 212 permits a deduction for all ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income and for the management, conservation, or maintenance of property held for the production of income. Therefore, petitioner is entitled to deduct the amount of the mortgage interest paid that relates to her rental activity. Petitioner used one-sixth of the building for her rental activity. Thus, in addition to the mortgage interest expense allowed in the notice of deficiency, petitioner is entitled to deduct $393 on her Schedule E.[14]

C. Schedule A

As stated above, petitioner did not elect to itemize her deductions for 2007. At trial, however, petitioner stated that she would like to itemize her deductions so that she could deduct

---

[13] Respondent did not argue that petitioner failed to actively participate in her rental real estate activity and would therefore be unable to take advantage of the $25,000 offset for rental real estate activities under sec. 469(i).

[14] This amount is more than what respondent allowed because respondent calculated the mortgage interest deduction using a mortgage interest expense of $12,608 but we found petitioner had $14,971 of mortgage interest expense for 2007.

medical expenses paid and charitable contributions made in 2007. See Carter v. Commissioner, T.C. Memo. 1976-23 (stating that the standard deduction election is "not an irrevocable one"). Petitioner claims that she paid $12,000 for medical expenses and made charitable contributions of $12,350. Respondent argues that petitioner is not entitled to the deductions for medical expenses and charitable contributions.

### 1. Medical Expense

Section 213(a) generally allows a deduction for expenses paid during a taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his or her spouse, or dependents, to the extent that such expense exceeds 7.5 percent of adjusted gross income. To substantiate medical expenses under section 213, the taxpayer must furnish the name and address of each person to whom payment was made and the amount and date of each such payment. See sec. 1.213-1(h), Income Tax Regs. Petitioner has not established that she made any uncompensated payments for medical expenses in 2007. Accordingly, petitioner is not entitled to deduct her claimed medical expenses.

### 2. Mortgage Interest Expense

Home mortgage interest is generally deductible under section 163(a), subject to the requirements of subsection (h). Therefore, petitioner is entitled to deduct the mortgage interest

attributable to the portion of the building she used as her residence. Petitioner used the basement and most of the second floor as her personal residence. Thus, petitioner is entitled to deduct $7,486 for home mortgage interest.[15]

### 3. Charitable Contribution

In general, a taxpayer is entitled to deduct charitable contributions made during the taxable year to or for the use of certain types of organizations. Sec. 170(a)(1), (c). A taxpayer is required to substantiate charitable contributions; records must be maintained. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A contribution of cash in an amount less than $250 may be substantiated with a canceled check, a receipt, or other reliable evidence showing the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

Contributions of cash or property of $250 or more require the donor to obtain contemporaneous written acknowledgment of the donation from the donee.[16] Sec. 170(f)(8). At a minimum, the

---

[15] Schedule A mortgage interest deduction = $14,971 (total mortgage interest) x 2/3 (portion of building used as personal residence) - $2,495 (mortgage interest attributable to rental business).

[16] If a taxpayer makes separate contributions of less than $250 to a donee organization during a taxable year, they are not required to obtain contemporaneous written acknowledgment even if the sum of the contributions is $250 or more. Sec. 1.170A-13(f), Income Tax Regs.

contemporaneous written acknowledgment must contain a description of any property contributed, a statement as to whether any goods or services were provided in consideration, and a description and good faith estimate of the value of any goods or services provided in consideration. Sec. 170(f)(8)(B). A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of (1) the date on which the taxpayer files a return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing such return. Sec. 170(f)(8)(C).

### a. Lakeshore Public Television

Petitioner is entitled to deduct the $195 she contributed to Lakeshore Public Television. The cash contribution was for less than $250 and was substantiated by a receipt evidencing the name of the donee, the date of the contribution, and the amount of the contribution. See sec. 1.170A-13(a)(1), Income Tax. Regs.

### b. Schneider School

Petitioner is not entitled to a deduction for the $2,400 she contributed to Schneider School. The contribution must be substantiated by a contemporaneous written acknowledgment because it was for more than $250. Although petitioner received a receipt from the Chicago Public Schools, it does not qualify as a contemporaneous written acknowledgment because it does not state

whether she received any goods or services in exchange for her contribution. See sec. 170(f)(8)(B)(ii).

### c. Faith Deliverance

Petitioner is not entitled to deduct the $7,500 she contributed to Faith Deliverance. Petitioner introduced a letter from the church dated January 19, 2010, and copies of several checks, each for more than $250 and made out to the church's pastor and his wife. The letter does not state whether petitioner received goods or services in exchange for contribution and was not received by the earlier of her return's filing date or its due date of April 15, 2008. See sec. 170(f)(8)(B)(ii), (C). Thus, there is no contemporaneous written acknowledgment from the donee that would permit petitioner to deduct the contributions.

### d. Progressive Ministries

Petitioner is entitled to deduct $375 of the $2,255 contributions she made to Progressive Ministries. To substantiate the Progressive Ministries contributions, petitioner introduced checks made out to Progressive Ministries and a 2007 tithing statement from Progressive Ministries dated January 19, 2010. Because petitioner did not receive the tithing statement by the earlier of her return's filing date or its due date of April 15, 2008, it is not a contemporaneous written acknowledgment. See id. Thus, petitioner does not have proper

substantiation for the contributions of $250 or more.  However, the tithing statement and canceled checks substantiate petitioner's contributions of less than $250.  See sec. 1.170A-13(f)(1), Income Tax Regs.  Thus, petitioner is entitled to deduct the following charitable contributions:  $175 contributed on July 29, 2007; $100 contributed on September 9, 2007; and $100 contributed on November 25, 2007.

Accordingly, petitioner is entitled to deduct $570 for charitable contributions made during 2007.  Petitioner's itemized deductions of $8,056 exceed her head of household standard deduction of $7,850, thus she can itemize her deductions.

## II.  Section 6662(a) Penalty

Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax:  (1) Due to negligence or disregard of rules or regulations or (2) attributable to a substantial understatement of income tax.  "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code; this includes a failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12

(1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). "Disregard" means any careless, reckless, or intentional disregard. Sec. 6662(c). "Understatement" means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A). The understatement is reduced to the extent that the taxpayer has: (1) Adequately disclosed his or her position and has a reasonable basis for such position, or (2) has substantial authority for the tax treatment of the item. Sec. 6662(d)(2)(B). The burden of production is on the Commissioner to produce evidence that it is appropriate to impose the relevant penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner's records were insufficient to substantiate several of her claimed deductions, and she failed to keep adequate books and records. Furthermore, petitioner, a tax return preparer with more than 15 years' experience, improperly deducted the cost of numerous items instead of depreciating the items as required by law. Although petitioner credibly testified as to the business purpose for her claimed deductions, her

underpayment was still attributable to her negligence.  See Griggs v. Commissioner, T.C. Memo. 2008-234 (taxpayer, who credibly testified regarding profit motive of business ventures, was liable for accuracy-related penalty because he failed to substantiate most claimed deductions and failed to keep adequate books and records).  Accordingly, respondent has met his burden of production.  See Smith v. Commissioner, T.C. Memo. 1998-33; sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448. Petitioner offered no evidence that she acted with reasonable cause and in good faith.  Accordingly, we hold that petitioner is liable for a section 6662(a) accuracy-related penalty due to negligence or disregard of rules or regulations.[17]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[17]  Furthermore, petitioner would also have been liable for a sec. 6662(a) penalty insofar as the Rule 155 computations show a substantial understatement of income tax.