T.C. Memo. 2013-1

UNITED STATES TAX COURT

JAMES BRADY AND MARY BRADY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8379-11.                    Filed January 3, 2013.

James Brady and Mary Brady, pro sese.

Nicole M. Connelly, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge: Respondent determined a deficiency in petitioners' 2008

Federal income tax of $16,068[1] as a result of his determination that they failed to

include certain Social Security benefits and dividend payments in income.

—————————————

   [1]All dollar amounts are rounded to the nearest dollar.

[*2] Respondent also determined an accuracy-related penalty under section 6662(a)[2] of $3,217. Petitioners conceded that they failed to include the dividend payments in income. The issues remaining for decision are:

(1) whether petitioners are required to include certain Social Security benefits in their taxable income. We hold that they are; and

(2) whether petitioners are liable for the 20% accuracy-related penalty under section 6662(a). We hold that petitioners are liable for the penalty with respect to a portion of the underpayment.

## FINDINGS OF FACT

At the time the petition was filed, petitioners resided in New Jersey.

Mr. Brady formerly worked as a broker on the floor of the New York Stock Exchange[3] and had a disability policy with Unum Corp. (Unum). During 2004 he began to have hip and knee problems and subsequently underwent three hip surgeries and a knee replacement. Mr. Brady's hip and knee problems left him

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Before his employment as a broker, Mr. Brady worked in sanitation, construction, as a sergeant in the U.S. Marines, and as a New York Stock Exchange clerk. He attended college for two years in the early 1970s where he took some accounting courses. Mrs. Brady's employment and education history were not established.

[*3] unable to work, and in 2005 Unum began to pay on his disability policy. The amounts Mr. Brady received under his Unum policy were tax free.

Mr. Brady's contract with Unum required him to seek Social Security benefits in the event he became disabled. If he received Social Security benefits, this would lower the amount Unum was required to pay him under his insurance contract. Mr. Brady applied for Social Security benefits but was initially denied. He was also unsuccessful on his first appeal of the denial. However, he had an administrative hearing in 2008 at which the judge determined that he was disabled. The judge awarded him Social Security benefits from the time of his original 2005 application onward.

Mr. Brady received a total of $87,092 in Social Security benefits during 2008; this amount included a lump-sum payment of $76,350 for Social Security benefits which he should have received each month from June 2005 through June 2008. As a result of receiving the past Social Security benefits due to him, Mr. Brady was required to (and did) reimburse Unum for amounts already paid to him totaling $73,042. This reimbursement was made in September 2008.

Petitioners' 2008 tax return was completed by Ronald Krieger, a certified public accountant and lawyer. That return reported Social Security benefits totaling $14,050. This number represents the total Social Security benefits of

[*4] $87,092 paid to Mr. Brady in 2008 minus the $73,042 reimbursed to Unum.

The return failed to report three taxable dividends paid to petitioners totaling

$1,331.[4]

On January 11, 2011, respondent issued a notice of deficiency to petitioners

for 2008. Petitioners timely filed a petition contesting the deficiencies.

OPINION

I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed

correct, and taxpayers bear the burden of proving that the Commissioner's

determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111,

115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the

burden of proving that they have met all requirements necessary to be entitled to the

claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

84 (1992). Petitioners have not argued that respondent bears the burden of proof

with respect to the issues discussed below.

II. Social Security Benefits

Section 86 provides that gross income for a taxable year of any taxpayer

includes up to 85% of Social Security benefits received during the taxable year.

---

[4]The amounts of the individual dividends were $18, $195, and $1,118.

**[*5]** Amounts received as Social Security disability insurance benefits are includable in a taxpayer's income. Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), aff'd, 436 F.3d 344 (2d Cir. 2006).

Petitioners claim that the Social Security benefits they received in 2008 should be offset by the $73,042 they reimbursed to Unum. However, the law provides that Social Security benefits may be offset only by repayments of other Social Security benefits previously received. Sec. 86(d)(2)(A) ("[T]he amount of social security benefits received during any taxable year shall be reduced by any repayment made by the taxpayer during the taxable year of a social security benefit previously received by the taxpayer (whether or not such benefit was received during the taxable year)."). Section 86(d)(1) defines the term "social security benefit" as "any amount received by the taxpayer by reason of entitlement to--(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit." Benefits received from private insurers do not satisfy this definition, and thus repayments of private insurance benefits cannot be used to offset Social Security benefits pursuant to section 86(d)(2)(A).

We addressed a similar issue involving reimbursement of funds to a private insurer in Seaver v. Commissioner, T.C. Memo. 2009-270. In that case we held that when a recipient of Social Security benefits is required by contract to

**[\*6]** reimburse a third party for tax-free benefits previously received, the recipient is not entitled to a deduction for the reimbursement. Id., slip op. at 7. We stated that we were not "free to question" the choices that Congress had made regarding Social Security benefits and benefits paid by a private insurer. Id. Following the ruling in Seaver, we hold that the $73,042 in disputed Social Security benefits petitioners received must be included in their taxable income in accordance with the provisions of section 86.

III. Section 86(e) Election

Taxpayers may make an election with respect to the amount of a lump-sum payment of Social Security benefits received during a taxable year in which a portion of the payment is attributable to previous years. Sec. 86(e). Section 86(e) provides that if the election under that section is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the portion of the benefits attributable to the previous taxable years. See also Pollard v. Commissioner, T.C. Memo. 2011-132, slip op. at 5. In Pollard we stated that--

> Section 86(e) is consistent with the general rule that taxpayers such as petitioners who use the cash receipts and disbursements method of accounting must include an item in gross income when it is

**[*7]** actually or constructively received.  Sec. 451(a); sec. 1.451-1(a), Income Tax Regs.  Thus a lump-sum payment of Social Security benefits is to be included in gross income in the year in which the payment is received rather than in the years to which the payment is attributable, to the extent that application of the formula results in a taxable amount.  The election merely provides an alternative method of applying the formula to determine the taxable portion of the Social Security benefits.

At trial the Court inquired whether petitioners would like to make the section 86(e) election if the election would aid them and if making the election so long after filing their 2008 return was possible.  Petitioners stated that they would.  However, not only have we found no authority for making the section 86(e) election so long after the filing of the relevant tax return, but respondent has stated in his brief that "based on the petitioners' income in the previous years", even if a section 86(e) election was made it "would do nothing to limit petitioners' tax liability." Petitioners' tax returns (or other statements of income) for 2005 through 2007 were not introduced into evidence for our review, and petitioners did not dispute respondent's statement.[5]  Given that the burden of proof is on petitioners, we find they have not proven that the section 86(e) election is of any consequence in this case.  We will not proceed to address whether it is possible for petitioners to make such an election with respect to 2008 at this late date.

_____

[5]We ordered the parties to file seriatim briefs, with petitioners filing a brief after respondent.  Petitioners failed to file an answering brief.

**[*8]** IV.  Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioners are liable for the 20% accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax.  The penalty is 20% of the portion of the underpayment of tax to which the section applies.  Sec. 6662(a).

The Commissioner bears the burden of production on the applicability of an accuracy-related penalty in that he must come forward with sufficient evidence indicating that it is proper to impose the penalty.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause and good faith. See Higbee v. Commissioner, 116 T.C. at 446-447.

The Commissioner satisfies his burden of production by showing that the understatement meets the definition of "substantial".  See Janis v. Commissioner, T.C. Memo. 2004-117, aff'd, 461 F.3d 1080 (9th Cir. 2006), and aff'd, 469 F.3d 256 (2d Cir. 2006).  An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  An "understatement" is defined as the excess of the tax required to

**[*9]** be shown on the return over the tax actually shown on the return, less any rebate. Sec. 6662(d)(2)(A).

The amount of an understatement shall be reduced by that portion of the understatement which is attributable to: (1) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item if the taxpayer adequately disclosed relevant facts affecting the item's tax treatment in the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of the item by the taxpayer. Sec. 6662(d)(2)(B). Considering the facts and law, we find that neither of these reductions applies in this case. As a result, we find that petitioners understated their income tax by $16,068, which is greater than $5,000. Accordingly, we find that respondent has met his burden of production.

Pursuant to section 6664(c)(1), the accuracy-related penalty under section 6662 does not apply to any portion of an underpayment for which a taxpayer establishes that he or she: (1) had reasonable cause; and (2) acted in good faith. Dunlap v. Commissioner, T.C. Memo. 2012-126, slip op. at 69. Whether a taxpayer has acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including efforts to assess the proper tax liability, the taxpayer's knowledge and experience, and the extent to which the

[*10] taxpayer relied on the advice of a tax professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.  "Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability."  Id.

Mr. Brady testified that he forgot to provide petitioners' accountant with Forms 1099-DIV, Dividends and Distributions, for the three 2008 dividend distributions which petitioners have conceded they failed to include in their income.  As a result, we find the accuracy-related penalty applies to the portion of the underpayment stemming from the $1,331 in dividend income petitioners failed to include on their 2008 return.  See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (for the reasonable cause and good-faith exception to apply, a taxpayer must prove that they "provided necessary and accurate information to the adviser"), aff'd, 299 F.3d 221 (3d Cir. 2002).

However, Mr. Brady testified that he supplied the certified public accountant who prepared their return, Mr. Krieger, with all relevant information relating to the Social Security benefits received.  We found Mr. Brady's testimony to be credible, and it is supported by the fact that Mr. Krieger listed on petitioners' tax return $14,050 of Social Security benefits received.[6]  Mr. Brady's testimony

---

[6]We believe that Mr. Krieger was informed of the $76,350 lump-sum Social Security benefit, the additional $10,742 in 2008 monthly benefits, and the $73,042
(continued...)

**[*11]** also established that petitioners relied upon Mr. Krieger, a certified public accountant and lawyer, to accurately complete their tax return. Considering the facts of the case, we find petitioners made a reasonable and good-faith attempt to comply with the tax laws relating to the Social Security benefits and that the reasonable cause and good-faith exception therefore applies to the portion of the underpayment stemming from the Social Security benefits which they failed to include on their 2008 tax return.

V. Conclusion

We hold that petitioners are required to include the $73,042 in disputed Social Security benefits in their taxable income. We further hold that petitioners are liable for the 20% accuracy-related penalty with respect to the portion of the underpayment relating to the omitted dividend income but not the portion relating to the omitted Social Security benefits.

---

[6](...continued)
reimbursement to Unum but incorrectly subtracted the reimbursement from the $87,092 in total benefits received. Such an error may be easy to make given the fact that sec. 86: (1) allows repayments of previously received Social Security benefits to offset other Social Security benefits received in the year of repayment; and (2) does not explicitly state that repayment of private insurance benefits cannot be used to offset Social Security benefits received. See supra p. 5.

**[*12]**   To reflect the foregoing and concessions by the parties,

Decision will be entered

under Rule 155.
