T.C. Memo. 2013-219

UNITED STATES TAX COURT

JOYCE A. LINZY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13230-12.                                  Filed September 16, 2013.

Joyce A. Linzy, pro se.

Kathryn E. Kelly, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined a deficiency of $8,691 and a penalty under section 6662(a) of $1,738 with respect to petitioner's Federal income tax for tax year 2009.

**[*2]** Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

After concessions[1] the issues for consideration are (1) whether petitioner is entitled to deduct various expenses reported on her Schedule C, Profit or Loss From Business; (2) whether petitioner is entitled to offset her gambling income by any gambling losses; (3) whether petitioner is entitled to deduct a payment made to Metropolitan Life Insurance Co. (MetLife); and (4) whether petitioner is liable for the penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioner resided in Illinois when she filed the petition.

During the tax year in issue petitioner was the sole proprietor of a tax preparation business called Joyce's Tax Service. Petitioner started Joyce's Tax Service in 2003. Before 2003 petitioner worked for Jackson Hewitt and for Instant Tax Service, where she was trained to prepare tax returns.

---

[1]Petitioner has conceded that she failed to report $512 of interest income for tax year 2009. Respondent has conceded that petitioner received only $10,227 of Social Security benefits for tax year 2009.

[*3]   Petitioner received payments from MetLife beginning in 2005 in connection with a long-term disability claim.  Petitioner's long-term disability policy with MetLife provided that her benefits would be reduced if she received any Social Security disability payments.  In 2008 petitioner was awarded Social Security disability benefits.  She received a lump-sum Social Security payment of $22,717 for prior years on December 18, 2008.  Because she received Social Security disability benefits, MetLife required petitioner to repay a portion of the payments she had received between 2005 and 2008.  Petitioner paid $20,519 to MetLife (MetLife payment) on February 20, 2009.

On her Federal income tax return for tax year 2009 petitioner claimed $17,693 of other income relating to her gambling winnings.  Petitioner attached Forms W-2G, Certain Gambling Winnings, to her 2009 Federal income tax return that show total gambling winnings of $17,693.  On her Schedule C petitioner reported multiple types of expenses, including the following:

| Expense | Amount |
| --- | --- |
| Travel | $3,786 |
| Deductible meals and entertainment | 5,200 |
| Rent or lease of other business property | 13,000 |

**[*4]**  In the notice of deficiency respondent disallowed the Schedule C expenses

for travel, meals and entertainment, and rent or lease of other business property.

Petitioner disagrees with respondent's adjustments.  Petitioner also makes

two claims not addressed in the notice of deficiency.  First, she claims that she had

gambling losses for 2009 but did not use them to offset the gambling winnings she

reported on her 2009 Federal income tax return.  Second, petitioner claims that

because of the MetLife payment she is entitled either to offset her Social Security

benefits by the MetLife payment or to claim a deduction on Schedule A, Itemized

Deductions, relating to it.

OPINION

I.  Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are

presumed correct, and a taxpayer bears the burden of proving those determinations

are erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In

order to shift the burden, the taxpayer must comply with all substantiation and

recordkeeping requirements and cooperate with all reasonable requests by the

Commissioner for witnesses, information, documents, meetings, and interviews,

pursuant to section 7491(a)(2).  See Higbee v. Commissioner, 116 T.C. 438, 441

(2001).  Petitioner did not argue that the burden should shift, and she failed to

[*5] introduce credible evidence that respondent's determinations are incorrect. The burden of proof remains with petitioner.

II.     Schedule C Expenses

Petitioner contends that she is entitled to deduct expenses for travel, meals and entertainment, and rent or lease of other business property.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113. The expense must directly connect with or pertain to the taxpayer's business. Sec. 1.162-1(a), Income Tax Regs. A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise. Sec. 262(a).

Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). A taxpayer must show a bona fide business purpose for the expenditure, and there must also be a proximate relationship between the expenditure and his or her business. Challenge Mfg. Co. v. Commissioner, 37 T.C. 650, 660-661 (1962). A taxpayer's

**[*6]** general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business. Ferrer v. Commissioner, 50 T.C. 177, 185 (1968), aff'd per curiam, 409 F.2d 1359 (2d Cir. 1969).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440.

Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This is often referred to as the Cohan rule. See, e.g., Van Dusen v. Commissioner, 136 T.C. 515, 537 n.39 (2011).

**[*7]**  A.  <u>Travel Expenses and Meals and Entertainment Expenses</u>

Travel expenses and meals and entertainment expenses are subject to the strict substantiation rules of section 274(d).  Sec. 274(d)(1) and (2).  To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense, (2) the time and place of the travel or use, and (3) the business purpose of the expense.  Sec. 274(d).  To substantiate by adequate records, the taxpayer must provide (1) an account book, log, or similar record and (2) documentary evidence, which together are sufficient to establish each element of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Documentary evidence includes receipts, paid bills, or similar evidence.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.  To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must establish each element by his or her own statement and by documentary evidence or other direct evidence.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).  To establish the business purpose of an expenditure, however, a taxpayer may corroborate his or her own statement with circumstantial evidence.  <u>Id.</u>

[*8]   Notably, section 274(d) overrides the Cohan rule.  Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language).  Therefore, we are precluded from estimating petitioner's travel expenses and meals and entertainment expenses.

With respect to her travel expenses petitioner testified that she ran Joyce's Tax Service from her home and that clients would come to her property to have their tax returns prepared.  Petitioner testified that living in her neighborhood was stressful and that she felt harassed by her clients who would call her at home at any hour.  For these reasons petitioner contends that it was necessary for her to travel "just to get rest so that * * * [she] could function."  She provided invoices from a Holiday Inn, a car rental service, and a casino.

Petitioner has failed to show that her travel expenses were related to her business.  A taxpayer's choice about where to live is personal.  Cf. Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946) (reasoning that commuting expenses are not deductible because the taxpayer makes a personal choice about where to live).  Therefore, petitioner's travel for a good night's rest was a personal expense, not a deductible business expense.

With respect to her meals and entertainment expenses petitioner testified that she frequently ate lunch or dinner with her employees and that she hosted a

[*9] catered client party.  Petitioner provided receipts from restaurants and cafes where she contends she ate with her employees.  Some of the receipts are too faint to read; others are from meals purchased at casinos, some of which are in Indiana.  Petitioner provided no evidence regarding a client party, other than two letters addressed to her clients that refer to a raffle.  Petitioner has failed to establish the specific business nature of any of her meals and entertainment expenses.

Respondent properly disallowed deductions for petitioner's travel expenses and meals and entertainment expenses as reported on her 2009 Federal income tax return.

### B.    Rent or Lease of Other Business Property Expenses

Petitioner claims that she is entitled to a rent or lease deduction.  Petitioner testified that she used the first floor of her two-story residence for Joyce's Tax Service.  Petitioner attempts to deduct half of her mortgage payment.

Generally, expenses of maintaining a household, including amounts paid for rent, water, utilities, and similar expenses, are not deductible.  Sec. 1.262-1(b)(3), Income Tax Regs.  If, however, a part of the home is used as a place of business, a corresponding portion of the expenses--as is properly attributable to such place of business--may be deductible as a business expense, subject to the rules of section 280A.  Id.  A taxpayer must provide the Court with a basis to determine what

**[\*10]** portion of the expenses was allocable to his or her business. DeLima v. Commissioner, T.C. Memo. 2012-291, at \*21; cf. Adler v. Commissioner, T.C. Memo. 2010-47, slip op. at 21 (finding that the taxpayer failed to provide a basis to determine what portion of household utilities was allocable to his business), aff'd per curiam, 443 Fed. Appx. 736 (3d Cir. 2011). If a taxpayer fails to provide the Court with evidence of the extent to which he or she used a portion of the home exclusively, we cannot estimate the deductible portions of her expenses. See Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1556-1557 (1987).

Petitioner is not entitled to a deduction for the business use of her home. A taxpayer may claim a deduction for the business use of his or her home to the extent it is allocable to a portion of a dwelling unit which is exclusively used on a regular basis as (1) the principal place of business for any trade or business of the taxpayer or (2) a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his or her trade or business. Sec. 280A(c)(1)(A) and (B).

Petitioner has provided no evidence showing that the first floor of her residence was used exclusively on a regular basis for a business purpose. Petitioner is not entitled to a deduction for the business use of her home.

**[*11]** Respondent properly disallowed petitioner's rent or lease of other business property expenses as reported on her 2009 Federal income tax return.

III.    Gambling Losses

Petitioner reported income of $17,693 from gambling winnings on her 2009 Federal income tax return, but she did not offset her gambling winnings by any gambling loss deductions. Petitioner contends that she incurred gambling losses in excess of $17,693.

Taxpayers who are not in the trade or business of gambling and who choose to calculate their taxable income using itemized deductions in lieu of the standard deduction may deduct gambling losses under certain circumstances. Section 165(d) provides that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from such transactions". Respondent does not dispute that petitioner had $17,693 of gambling gains. Petitioner therefore must prove that she had gambling losses during the year in issue.

Taxpayers are required to maintain "permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. In the case of gambling winnings and losses taxpayers can substantiate their income and deductions by

[*12] maintaining a contemporaneous log, see Schooler v. Commissioner, 68 T.C. 867, 871 (1977), or by consistently using a player's card which monitors gambling activity, see Lutz v. Commissioner, T.C. Memo. 2002-89.  Many taxpayers do not keep a detailed record of their wagering winnings and losses, but we do not treat taxpayers who claim to have sustained wagering losses more favorably than other taxpayers by allowing a deduction for wagering losses when the evidence is inadequate.  Schooler v. Commissioner, 68 T.C. at 871.

Petitioner provided receipts showing cash advances from Ameristar East Chicago casino and Harrah's Joliet Casino Hotel as well as a bank statement showing cash advances from "GCA Ameristar East Ch".

Cash advances or ATM withdrawals at or near a location generally are not sufficient to prove that the cash was spent at that location or for any specific purpose.  See Lutz v. Commissioner, slip op. at 16 ("[T]he mere fact * * * [that the taxpayers made cash withdrawals or credit card charges at the casinos] does not substantiate actual losses of those funds on gambling.").  We have used the Cohan rule to estimate a taxpayer's gambling loss deductions when the taxpayer provided both bank statements recording ATM withdrawals at a casino and credible testimony regarding specific details of his practices regarding

**[*13]** ATM withdrawals and his gambling activities. See Lamb v. Commissioner, T.C. Memo. 2013-155.

Petitioner did not provide any testimony regarding specific details of her practices regarding ATM withdrawals or her gambling activities. We are unable to determine what portion of petitioner's cash withdrawals were spent on gambling. Petitioner is not entitled to offset her gambling winnings with any gambling loss deductions.

IV.   Petitioner's MetLife Payment

Petitioner reported $23,055 of Social Security disability benefits on her 2009 Federal income tax return. Respondent has conceded that she received only $10,227 of Social Security benefits for tax year 2009. Petitioner contends that she is further entitled either to offset her Social Security benefits for tax year 2009 by the amount of the MetLife payment or to claim a Schedule A deduction relating to the MetLife payment because "it was filed as Social Security income" for tax year 2009.

Social Security benefits may be offset only by repayments of other Social Security benefits previously received. Sec. 86(d)(2)(A); see also Brady v. Commissioner, T.C. Memo. 2013-1, at *5. Section 86(d)(2)(A) provides that "the amount of social security benefits received during any taxable year shall be

[*14] reduced by any repayment made by the taxpayer during the taxable year of a social security benefit previously received by the taxpayer (whether or not such benefit was received during the taxable year)." Section 86(d)(1) defines the term "social security benefit" as "any amount received by the taxpayer by reason of entitlement to--(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit." Benefits received from private insurers do not satisfy this definition. Therefore, petitioner would not be allowed to offset her Social Security benefits with the repayment of private insurance benefits. See Brady v. Commissioner, T.C. Memo. 2013-1.

Moreover, when a recipient of Social Security benefits is required by contract to reimburse a third party for tax-free benefits previously received, the recipient is not entitled to a deduction for the reimbursement. Id. at *5-*6. The record reflects that the benefits petitioner received from MetLife were tax free. Therefore, petitioner is not entitled to a Schedule A deduction relating to the MetLife payment.

Petitioner is not entitled to offset her Social Security benefits with the MetLife payment or to a Schedule A deduction relating to it for tax year 2009.

**[*15]** V.   Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for the accuracy-related penalty pursuant to section 6662(a).  Section 6662(a) adds to the tax required to be shown on the taxpayer's return 20% of any underpayment attributable to, among other things, (1) negligence or disregard of rules or regulations within the meaning of section 6662(b)(1), or (2) any substantial understatement of income tax within the meaning of section 6662(b)(2).  Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b).  Sec. 1.6662-2(c), Income Tax Regs.

Respondent claims that petitioner is liable for the section 6662(a) penalty due to negligence.  Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.

**[\*16]** Petitioner credibly testified at trial and provided some documentation regarding her Schedule C expenses, her gambling losses, and the MetLife payment. Petitioner's records, however, were insufficient to substantiate the expenses reported on her Schedule C or to establish the gambling losses she claims should offset her gambling winnings, and her arguments regarding the MetLife payment were not grounded in the internal revenue laws.

Petitioner therefore is liable for the accuracy-related penalty unless she can show she had reasonable cause for and acted in good faith regarding the underpayment. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. An important factor for demonstrating reasonable cause and good faith is the extent of the taxpayer's effort to determine the proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner, a trained tax return preparer, did not provide any evidence regarding what, if any, effort she made to determine her proper tax liability when she prepared her 2009 Federal income tax return. Petitioner is familiar with Federal income tax laws and regulations; her experience, knowledge, and training weigh against her. See Brown v. Commissioner, T.C. Memo. 2011-83, aff'd, 693 F.3d 765 (7th Cir. 2012). Petitioner has failed to show that she had reasonable cause for and acted in good faith regarding the underpayment.

**[*17]** Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) and (b)(1).

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.