**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-66

UNITED STATES TAX COURT

ARTHUR L. ENGLISH, JR. AND CHERYL C. ENGLISH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26407-12S.                          Filed July 10, 2014.

Arthur L. English, Jr., and Cheryl C. English, pro sese.

Elizabeth C. Mourges, for respondent.

SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $10,559 deficiency in, and a $2,112 accuracy-related penalty with respect to, petitioners' Federal income tax for 2010. After concessions, the issues remaining for decision are: (1) whether petitioners may exclude from gross income $49,610 of Social Security disability benefits received by Mrs. English and (2) whether petitioners are liable for the accuracy-related penalty.

## Background

Petitioners resided in Maryland when they filed the petition. During 2007 Mrs. English (petitioner) was disabled and could not work. Because of her disability, she began receiving long-term disability payments under an insurance policy with the Hartford insurance company (Hartford). Mrs. English's insurance policy provided that her benefits would be reduced if she received any Social Security disability benefits. Petitioner applied for disability benefits from Social Security during 2007 and did not receive any benefits during 2007, 2008, or 2009.

[1](...continued)
Court Rules of Practice and Procedure.

In 2010 Mrs. English was awarded Social Security disability benefits. That same year she received a $49,610 lump-sum Social Security payment for prior years. She was therefore required to repay approximately $48,144 of the Hartford benefits she had previously received.

Petitioners consulted with two certified public accountants concerning the taxability of her disability benefits from Social Security. They generally advised that disability benefits are not taxable. Petitioners' 2010 income tax return was prepared by Bill Brabble, a certified public accountant. They did not report on that return any of the Social Security disability benefits that Mrs. English had received. Respondent issued petitioners a deficiency notice, increasing their income by the unreported $49,610 lump-sum Social Security payment. Petitioners filed a petition with this Court, challenging respondent's determination.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168

(2004). Petitioners have neither claimed that the burden shifts to respondent nor shown that they complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioners.

## II. Exclusion of Social Security Benefits From Gross Income

Petitioners contend that they are entitled to offset the Social Security benefits Mrs. English received in 2010 by the amount of the Hartford payment.[2] We are sympathetic to petitioners' position. However, under existing law, we are required to reach a different result.

Section 86 provides that a taxpayer's gross income includes up to 85% of Social Security benefits, including disability benefits, received during the taxable year. However, for purposes of that section, taxpayers may reduce Social Security benefits by repayments of other Social Security benefits previously received. Sec. 86(d)(2)(A). A Social Security benefit is defined as "any amount received by the taxpayer by reason of entitlement to--(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit." Benefits received from private insurers, such as Hartford, do not satisfy this definition. See Linzy v.

---

[2]Petitioners did not argue before or during trial that the Social Security benefits not used to repay Hartford are excludable or deductible from income. Nor does the Court find that a legal basis exists for such an exclusion or deduction. Accordingly, respondent's determination with respect to the Social Security benefits received in 2010 that were not paid to Hartford is sustained.

Commissioner, T.C. Memo. 2013-219; Brady v. Commissioner, T.C. Memo. 2013-1.

In the setting of this case, section 86(d)(2) is the only exception to the general rule of section 86(a) requiring inclusion of Social Security benefits in income. Although Congress generally has deemed disability benefits not subject to Federal tax, it has generally mandated that disability benefits from the Government are, to some extent, taxable. Although these laws result in differing treatment for certain disability benefits, we are not at liberty to carve out other exceptions to section 86 where Congress has not expressly done so. Accordingly, petitioners are not entitled to exclude from gross income the $49,610 Social Security payment received in 2010.[3]

III. Accuracy-Related Penalty

Respondent also determined a 20% accuracy-related penalty under section 6662(a) on the underpayment for 2010. Respondent determined that petitioners are liable for the penalty because they substantially understated their income tax within the meaning of section 6662(b)(2) and (d)(1). An "understatement" means

---

[3]We also note that petitioners are not entitled to a deduction for the Hartford payment. This is because there is no statutory provision that allows a deduction for such a payment. See Linzy v. Commissioner, T.C. Memo. 2013-219; Brady v. Commissioner, T.C. Memo. 2013-1.

the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). In the case of an individual, an understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the income tax return or $5,000. Sec. 6662(d)(1)(A).

Respondent bears the burden of production with respect to petitioners' liability for the accuracy-related penalty determined in the notice of deficiency and must therefore produce evidence that it is appropriate to impose that penalty. See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). As a result of our determination regarding the unreported Social Security payment, petitioners' understatement of income tax for 2010 is greater than 10% of the tax required to be shown on the return, which is greater than $5,000. Accordingly, respondent has met his burden of production.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment of tax if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to that portion. Sec. 6664(c)(1). The burden is upon the taxpayer to prove reasonable cause. See Higbee v. Commissioner, 116 T.C. at 447-449. We determine whether a taxpayer acted with reasonable cause and in good faith by considering the pertinent facts and circumstances.

This case involves a technical confluence of the taxability of Social Security disability benefits and the general nontaxability of private insurance disability benefits. There is no question that petitioner was disabled and entitled to disability benefits. She first received them from Hartford and, in accord with the tax law, did not include them in her income. When she became entitled to Social Security benefits with regard to the same disability, under her contract with Hartford, she was required to repay the Hartford benefits she had previously received.

Congress saw fit to make a certain percentage of Social Security benefits taxable, even if the payments are for a disability. Congress also provided that in circumstances where Social Security benefits had to be repaid, the initial receipt of the benefits would not be taxable. The disparate treatment of private and public disability benefits for tax purposes is curious and somewhat confusing. Under these circumstances, petitioners, who do not have tax expertise, sought the advice of two certified public accountants who counseled them that their benefits were not taxable.

Petitioners contend that their reliance on their tax professional for the 2010 tax status of their disability benefits was reasonable. Reliance on the advice of a tax professional may constitute reasonable cause and good faith if under all the

facts and circumstances the reliance is reasonable and in good faith.  Neonatology

Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d

Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs.

Considering all of the circumstances before us, we find that petitioners

acted reasonably and that it was reasonable for them to rely on the advice of tax

professionals to exclude the relevant Social Security benefits from income.

Accordingly, we hold that petitioners are not liable for an accuracy-related penalty

for 2010.

To reflect the foregoing,

Decision will be entered for respondent as

to the deficiency and for petitioners as to the

accuracy-related penalty.