T.C. Memo. 2012-249

UNITED STATES TAX COURT

RONALD MOORE AND DEBRA J. CLAYTON-MOORE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18783-11.               Filed August 28, 2012.

Ronald Moore and Debra J. Clayton-Moore, pro sese.

<u>Richard J. Hassebrock</u>, <u>Robert D. Kaiser</u>, and <u>Louis H. Hill</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $1,550 in
petitioners' Federal income tax for 2009 and a penalty of $310 under section
6662(a).  Respondent conceded at trial that petitioners are not liable for the
penalty.  The issue for decision is whether petitioners are liable for tax on the full

**[*2]** amount of Debra Clayton-Moore's Social Security disability benefits before offset for worker's compensation payments that reduced the actual amount of Social Security payments received. All section references are to the Internal Revenue Code in effect for the year in issue.

## FINDINGS OF FACT

Petitioners resided in Ohio at the time they filed their petition. During 2009, Debra Clayton-Moore (petitioner) received Social Security disability benefits and Ohio worker's compensation benefits. As reported to the Internal Revenue Service by the Social Security Administration, petitioner's disability benefits for 2009 were $11,947.20, of which $5,844 was paid by check; $1,388.40 was deducted for Medicare Part B premiums; and $4,714.80 was offset for worker's compensation.

Petitioners filed a joint Federal income tax return for 2009. Petitioners reported only $5,844 in Social Security benefits on that return. Respondent determined that the full amount of $11,947.20 should have been reported, of which 85% is taxable, and made computational adjustments as a result of increasing petitioners' gross income.

**[*3]** The taxable amount of petitioner's Social Security disability benefits for 2005 was an issue in a prior case at docket No. 8730-08, which was resolved by a stipulated decision without an opinion of the Court on the merits of the parties' positions.

OPINION

Petitioners contend that including the amount of petitioner's Ohio worker's compensation benefits in their taxable Social Security disability benefits is unfair because worker's compensation benefits are otherwise not taxable. See sec. 104(a)(1). Thus they excluded the amount paid by Ohio from the Social Security benefits reported on their return for 2009. They have not explained why they also excluded the Medicare premiums from the total benefits reported by the Social Security Administration, and they do not contest that adjustment or any other aspects of the computation of the deficiency.

Section 86 provides for the inclusion of Social Security benefits in gross income and defines such benefits as any amount received by the taxpayer by reason of entitlement to a monthly benefit under the Social Security Act. Sec. 86(d)(1)(A).

[*4] Section 86(d)(3) provides:

> For purposes of this section, if, by reason of section 224 of the Social Security Act (or by reason of section 3(a)(1) of the Railroad Retirement Act of 1974), any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Thus taxable Social Security benefits include the amount of the worker's compensation payments to the extent that they reduce, or offset, the total Social Security benefits to which the recipient is entitled. Such offsets do not reduce the taxable amount of Social Security benefits even though they have not been paid to taxpayers by the Social Security Administration. See Mikalonis v. Commissioner, T.C. Memo. 2000-281; Willis v. Commissioner, T.C. Memo. 1997-290; see also H.R. Rept. No. 98-25, at 26 (1983), 1983 U.S.C.C.A.N. 219, 244 (indicating that Congress specifically anticipated this result).

Including amounts received through a State worker's compensation program in taxable Social Security income is consistent with including Social Security disability benefits as taxable under section 86. See Seaver v. Commissioner, T.C. Memo. 2009-270; Thomas v. Commissioner, T.C. Memo. 2001-120. The statute simply does not allow worker's compensation benefits paid by a State and that

**[\*5]** offset Social Security benefits to be excluded from the taxable amount of Social Security benefits.

Petitioners contend that a different result was suggested by the Judge in their prior case. That case was settled, and no opinion on the merits was issued. Any comments made before the case was resolved would at most be relevant to petitioners' defense to the section 6662(a) penalty, which respondent has conceded.

For the reasons herein stated,

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662(a) penalty</u>.