T.C. Summary Opinion 2015-29

UNITED STATES TAX COURT

TONY CARRANCHO AND LINDA CARRANCHO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27067-13S.                    Filed April 20, 2015.

Tony Carrancho and Linda Carrancho, pro sese.

<u>Nicholas Rosado</u> and <u>Michael Skeen</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

In a notice of deficiency dated August 19, 2013, respondent determined a deficiency in petitioners' 2011 Federal income tax of $4,811. Respondent determined that petitioners failed to report as income $32,827 in Social Security benefits received in 2011.

The issue for decision is whether petitioners are required to include certain Social Security benefits in their gross income.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in California when their petition was filed.

Tony Carrancho (petitioner) became disabled on June 20, 2003. On September 2, 2009, petitioner filed for monthly disability benefits with the Social Security Administration. In September 2011, the Social Security Administration determined that petitioner became disabled on June 20, 2003, and that he was entitled to Social Security benefits beginning in September 2008. Petitioner's Social Security benefits were reduced by, or offset by, his workers' compensation

payments.[1]  Petitioner received $1,790.50 in 2011 representing the net Social Security benefit allocable from December 2008 through August 2011.  The Internal Revenue Service received a Form SSA-1099, Social Security Benefit Statement, reporting that petitioner received $54,489 in Social Security benefits during the 2011 taxable year.  The Form SSA-1099 reflects a workers' compensation offset of $51,948.  Most of the $54,489 was a lump-sum payment of Social Security benefits attributable to prior years.  Petitioners reported a payment of $1,791 on their Form 1040, U.S. Individual Income Tax Return, for 2011 as Social Security benefits received and reported $1,522 as the taxable amount.

Respondent determined that the taxable amount of Social Security benefits received was $34,349.  The $32,827 adjustment is the difference between the taxable amount that respondent calculated and the $1,522 petitioners reported as taxable on their return.

### Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In cases

---

[1]The record does not reflect the amount of workers' compensation payments that petitioner received during the period 2003-11.

involving unreported income, this Court has recognized an exception to this rule where the Commissioner introduces no substantive evidence and relies solely on the presumption of correctness. Jackson v. Commissioner, 73 T.C. 394, 401 (1979). This exception is limited and does not apply where the Commissioner has provided a minimal evidentiary foundation. Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989). Because we decide the factual issues in the instant case on the preponderance of the evidence, the allocation of the burden of proof is immaterial. See Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).

Workers' compensation is generally excludable from a taxpayer's gross income. Sec. 104(a)(1). In contrast, Social Security benefits, including Social Security disability benefits, may be includable in a taxpayer's gross income pursuant to a statutory formula that takes into account a number of factors, including the amount of Social Security benefits received, the taxpayer's other income, and the taxpayer's filing status. Sec. 86. If the amount of Social Security benefits that a taxpayer receives is reduced because of the receipt of workers' compensation benefits, then the amount of the workers' compensation benefits that causes the reduction is treated as though it were a Social Security benefit. Sec. 86(d)(3); Moore v. Commissioner, T.C. Memo. 2012-249, at *4-*5. The workers' compensation offset is included in the Social Security benefits that

petitioner received in 2011. Therefore, we conclude that petitioner received $34,349 in taxable Social Security benefits in 2011.

Taxpayers may make an election with respect to the amount of a lump-sum payment of Social Security benefits received during a taxable year in which the portion of the payment is attributable to previous years. Sec. 86(e); Brady v. Commissioner, T.C. Memo. 2013-1, at *6. This election provides an alternate method for applying the statutory formula to determine the amount of Social Security benefits includable in the taxpayer's income. See sec. 86(e). Because petitioner received a lump-sum payment of Social Security benefits during 2011 that was in part attributable to 2008, 2009, and 2010, they were eligible to make a section 86(e) election on their tax return. Petitioners did not make a section 86(e) election on their 2011 tax return.[2]

When petitioner applied for Social Security benefits, part of his workers' compensation benefits, which were otherwise excludable from gross income, were treated as Social Security benefits pursuant to the provisions of section 86(d)(3). This recharacterization caused petitioners' tax to increase by more than the amount

---

[2]Respondent provided a computation showing that petitioners would not benefit from a sec. 86(e) election. Petitioners did not provide any such computation. We presume that petitioners would not benefit from a sec. 86(e) election.

of increase in benefits received as a result of petitioner's qualifying for Social Security benefits.

While the result appears harsh, our role is to enforce the laws as written and interpreted.  As the Supreme Court of the United States has instructed, the role of the courts is to apply the statute as written.  <u>Sandifer v. U.S. Steel Corp.</u>, 571 U.S. ___, ___, 134 S. Ct. 870, 878 (2014); <u>see also</u> <u>McCarthy v. Commissioner</u>, T.C. Memo. 2015-50, at *9 (and the cases cited threat).

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.