T.C. Summary Opinion 2016-20

UNITED STATES TAX COURT

JOHN THOMPSON, JR., AND DESREE THOMPSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3094-14S.                          Filed May 12, 2016.

John Thompson, Jr., and Desree Thompson, pro sese.

Paul W. Isherwood, Peter R. Hochman, and John Chinnapongse, for
respondent.

SUMMARY OPINION

ASHFORD, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other Court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,147 in petitioners' Federal income tax and an accuracy-related penalty pursuant to section 6662(a) of $1,429 for the 2011 taxable year. After concessions,[2] the issue for decision is whether, pursuant to section 86(d)(3), petitioners had taxable Social Security income of $30,519 for 2011 as a result of the worker's compensation payments that petitioner John Thompson, Jr., received during that year. We hold that they did.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in California at the time they filed their petition with the Court. Hereafter, references to petitioner in the singular shall denote John Thompson, Jr.

---

[1](...continued) Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Petitioners failed to address in their pleadings and at trial respondent's determination that they received income of $3,148 from cancellation of indebtedness. We thus deem petitioners to have conceded this issue. See Rule 34(b)(4). Respondent conceded the accuracy-related penalty in its entirety at trial.

In 2009 petitioner suffered an injury while performing services as a postal worker for the U.S. Postal Service, which necessitated several surgeries and resulted in his temporary inability to work. Petitioner received worker's compensation benefits for this injury under the Federal Employees Compensation Act, 5 U.S.C. secs. 8101-8193 (2012), through the Department of Labor Office of Workers' Compensation Programs from July 19, 2009 to December 23, 2013.

On February 14, 2011, petitioner applied to the Social Security Administration (SSA) for Supplemental Security Income (SSI) disability benefits. In a notice of disapproved claim dated March 10, 2011, SSA initially denied his application because he had "too much income to be eligible for SSI". However, three months later, SSA approved his application for disability benefits, effective February 2010, in a notice of award dated June 5, 2011. The notice of award further states:

> We have to consider workers' compensation and/or public disability payments when we figure a Social Security benefit. The following will explain how these payments affect Social Security benefits. For more information, please read the enclosed pamphlet, "How Workers' Compensation and Other Disability Payments May Affect Your Social Security Benefit."
>
> The pamphlet explains how we reduce your Social Security disability checks if the money which you would receive from Social Security and workers' compensation payments add up to more than 80 percent

of your monthly average current earnings.  We found that 80 percent of your average current earnings is $3,457.60.

We have to take into account your workers' compensation payment of $3,794.60 when we figure your Social Security benefits.  Because you receive this payment, we are withholding the benefits you are due.

We are withholding your monthly Social Security checks beginning February 2010, which is the first month when you were entitled to both Social Security disability benefits and workers' compensation payments.

Petitioner never actually received SSI disability benefits in 2011. Nevertheless, SSA issued petitioner a Form SSA-1099, Social Security Benefit Statement, which reflected benefits paid in 2011 of $35,905 attributable to "Workers' compensation offset".  Petitioners did not report any of this amount on their 2011 Form 1040, U.S. Individual Income Tax Return.

Respondent determined that $30,519 (or 85%) of the worker's compensation offset reported on petitioner's Form SSA-1099 should have been included as taxable Social Security income.[3]  The notice of deficiency mailed to petitioners on December 2, 2013, reflects that determination.  Petitioners timely petitioned this Court disputing respondent's determination, contending that (1)

---

[3]Married taxpayers filing a joint return whose modified adjusted gross income, plus one-half of their Social Security benefits, exceeds $44,000 must include up to a maximum of 85% of their Social Security benefits in their gross income.  See sec. 86(a), (b), and (c).

SSA never paid petitioner the reported SSI disability benefits; (2) Social Security benefits are not a component of worker's compensation benefits; and (3) the worker's compensation benefits petitioner received from the Department of Labor are otherwise not taxable.

Discussion

Gross income includes "all income from whatever source derived", unless specifically excluded. Sec. 61(a). Generally, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Sec. 104(a)(1). However, section 86 provides for the inclusion of Social Security benefits in gross income and defines those benefits as any amount received by the taxpayer by reason of entitlement to a monthly benefit under the Social Security Act. Sec. 86(d)(1)(A).

In addition, section 86(d)(3) provides that where a taxpayer receives less in Social Security benefits because he is instead receiving worker's compensation benefits, then the amount of worker's compensation benefits that causes the reduction (the so-called offset amount) is treated as though it were a Social Security benefit for purposes of determining gross income. In other words, taxable Social Security benefits include the amount of worker's compensation payments to the extent that they reduce, or offset, the total Social Security benefits

to which the recipient is <u>entitled</u>; such offsets do not reduce the taxable amount of Social Security benefits despite SSA not actually paying such benefits. This result was specifically contemplated by Congress. <u>See, e.g.</u>, <u>Moore v. Commissioner</u>, T.C. Memo. 2012-249; <u>Mikalonis v. Commissioner</u>, T.C. Memo. 2000-281; <u>Willis v. Commissioner</u>, T.C. Memo. 1997-290.

Section 86(d) is unambiguous, and its application to the undisputed facts of this case is clear. Petitioners stipulated that during 2011, petitioner received worker's compensation benefits and that the SSI disability benefits that he was otherwise entitled to receive in 2011 were entirely offset on account of petitioner's receipt, since July 2009, of worker's compensation benefits. We acknowledge that if petitioner had not applied to SSA for SSI disability benefits, then petitioners would not find themselves in the situation they are in now. Petitioners' frustration is thus understandable, but our role is to apply the tax laws as written. <u>See</u> <u>Eanes v. Commissioner</u>, 85 T.C. 168, 171 (1985).

Accordingly, pursuant to section 86(d)(3), we sustain respondent's determination that for 2011 petitioners had $30,519 of taxable Social Security income.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiency and for</u>

<u>petitioners as to the accuracy-related</u>

<u>penalty under section 6662(a)</u>.