T.C. Memo. 2011-132

UNITED STATES TAX COURT

PAUL EDWARD & DIANE M. POLLARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1619-09.                    Filed June 14, 2011.

Paul Edward Pollard and Diane M. Pollard, pro sese.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $3,003
in petitioners' Federal income tax for 2006 resulting from
petitioners' failure to report Social Security benefits received
by Paul E. Pollard (petitioner).  Unless otherwise indicated, all
section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated by this reference. Petitioners resided in Washington when they filed their petition.

During 2006, petitioner received payments from the Social Security Administration (SSA), including a lump-sum payment attributable to earlier years and monthly payments for 2006. Petitioners did not report any of the payments on their joint Federal income tax return for 2006 and did not calculate the taxable amount of petitioner's benefits; thus they did not elect to use an alternative method applicable to lump-sum payments. Petitioners' reported adjusted gross income from other sources was $41,482.

The SSA reported to the Internal Revenue Service (IRS) that its payments to petitioner totaled $40,745 during 2006 and that petitioner repaid $4,206 that year, for a net payment of $36,539. Subsequent information provided by the SSA indicated that petitioner received $35,477 during 2006, because $1,062 was deducted for Medicare, and that $25,465 paid in 2006 was related to 2001. The determined deficiency was calculated by including taxable benefits of $19,389 and making a computational adjustment to petitioners' claimed medical expense deduction.

OPINION

Section 86 provides that gross income for a taxable year of any taxpayer includes up to 85 percent of Social Security benefits received during the taxable year.  Amounts received as Social Security disability benefits are includable in the taxpayer's income.  <u>Reimels v. Commissioner</u>, 123 T.C. 245, 247-248 (2004), affd. 436 F.3d 344 (2d Cir. 2006).

Section 86(a) provides that if the taxpayer's modified adjusted gross income plus one-half of the Social Security benefits received by the taxpayer exceeds the adjusted base amount, then gross income includes the lesser of:  (1) The sum of (a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer; or (2) 85 percent of the Social Security benefits received during the taxable year.  Sec. 86(a)(2).  With respect to a married taxpayer who files a joint return, the base amount and the adjusted base amount are $32,000 and $44,000, respectively.  Sec. 86(c)(1)(B), (2)(B).  The taxable benefits determined in the statutory notice, $19,389, are consistent with the formula provided in the statute.

In the petition, petitioners conceded that the amount paid to petitioner in 2006 was $35,477 but suggested that the disagreement related to the $4,206 repaid to the SSA that year.

Repayments during the taxable year reduce the amount includable in income. Sec. 86(d)(2). The statutory notice calculation reflected that reduction before the formula was applied.

During his testimony at trial, petitioner denied receiving the amount the SSA reported to the IRS for 2006. He claimed that his bank records did not reflect deposits of the amount reported and that he had not "even to date" seen a form reporting 2006 payments to the IRS. Petitioner's testimony contradicted the parties' express stipulation that the SSA reported to the IRS that in 2006 it paid petitioner $36,539 ($40,745 less $4,206 for repayment during 2006). Moreover, a statement from the SSA regarding amounts it paid to petitioner during 2006 was attached to the stipulation as an exhibit. Petitioner did not produce his bank records at trial or when given the opportunity to do so subsequent to trial, and the inconsistencies in the record remain unexplained.

Because of inconsistencies in the record, the Court invited a supplemental stipulation after the case was submitted. The record was reopened to admit copies of letters petitioner sent to the IRS to explain his position. It appears from those letters that petitioner is seeking to exclude from 2006 income a lump-sum amount paid by the SSA in 2006 pursuant to an award of disability benefits for earlier years.

Taxpayers may make an election with respect to the amount of a lump-sum payment of Social Security benefits received during the taxable year in which a portion is attributable to previous years. Sec. 86(e). Section 86(e) provides that if the election is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the portion of the benefits attributable to the previous taxable years.

Section 86(e) is consistent with the general rule that taxpayers such as petitioners who use the cash receipts and disbursements method of accounting must include an item in gross income when it is actually or constructively received. Sec. 451(a); sec. 1.451-1(a), Income Tax Regs. Thus a lump-sum payment of Social Security benefits is to be included in gross income in the year in which the payment is received rather than in the years to which the payment is attributable, to the extent that application of the formula results in a taxable amount. The election merely provides an alternative method of applying the formula to determine the taxable portion of the Social Security benefits.

Petitioners have not made the election permitted by section 86(e). They failed to report any of the benefits on their 2006 tax return. There is no information in the record concerning

their adjusted gross income for 2001 or any year other than 2006, so we cannot determine whether the election would have benefited petitioners.  (Petitioner disputes the total Social Security benefits received in 2005 and 2006 and has referred to information about benefits paid in 2005, but 2005 is not before the Court and there is no information about petitioners' other income for that year.)  In any event, the election would affect the computation of tax only for 2006; petitioners are not entitled to exclude altogether amounts received in 2006 but attributable to a different year.

There is neither evidence nor authority suggesting that petitioner's taxable Social Security benefits for 2006 are less than $19,389.  Thus,

<u>Decision will be entered</u>

<u>for respondent</u>.