T.C. Memo. 2017-247

UNITED STATES TAX COURT

CHARLES E. ROBBINS AND NANCY L. ROBBINS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22753-16.                                      Filed December 18, 2017.

Charles E. Robbins and Nancy L. Robbins, pro sese.

<u>Elizabeth C. Mourges</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>: The Internal Revenue Service (IRS or respondent) deter-

mined a deficiency of $4,232 in petitioners' Federal income tax for 2014.[1]  The

---

[1]All statutory references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

**[*2]** principal issue for decision concerns the taxability of a lump-sum Social Security disability payment that petitioner husband (petitioner) received during that year. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law. Petitioners have not responded to this motion. We will grant the motion for summary judgment and sustain respondent's determination.

## Background

The following facts are derived from the parties' pleadings and respondent's motion, including the exhibit attached thereto. Petitioners resided in Maryland when they petitioned this Court.

Petitioners timely filed a Federal income tax return for 2014. On this return they reported various items of income, including a taxable refund of State income tax of $2,533. They did not report receipt of any Social Security benefits. On Schedule A, Itemized Deductions, they claimed deductions for medical and miscellaneous expenses, as well as a deduction of $849 for qualified mortgage insurance premiums.

The IRS received from the Social Security Administration (SSA) a Form SSA-1099, Social Security Benefit Statement, reporting that it had paid petitioner

[*3] during 2014 a Social Security benefit of $59,895. The IRS received from the Maryland State Comptroller a Form 1099-G, Certain Government Payments, reporting that it had paid petitioners during 2014 a $3,236 refund of Maryland income tax. The IRS did not receive, from any financial institution, a Form 1098, Mortgage Interest Statement, reporting payment by petitioners during 2014 of mortgage insurance premiums.

The IRS selected petitioners' 2014 return for examination. It determined that petitioners: (1) should have reported $32,668 of the $59,895 Social Security benefit as gross income under section 86(a); (2) had underreported the Maryland income tax refund by $703 (viz., $3,236 – $2,533); and (3) had failed to substantiate the deduction for mortgage insurance premiums. The IRS also made computational adjustments to their claimed deductions for medical and miscellaneous expenses, based on the revision to their adjusted gross income.

On July 18, 2016, the IRS issued petitioners a timely notice of deficiency setting forth these adjustments, and they timely petitioned this Court. The only adjustment they challenged in their petition concerned the taxability of the Social Security benefit. They noted that the $59,895 received in 2014 included past-due benefits that had accrued during 2012 and 2013 while petitioner was awaiting a decision from the SSA on his disability claim. Petitioners asserted that, if petition-

**[*4]** er had received monthly payments over that three-year period instead of a lump-sum payment, petitioners "would not have been required to file taxes" on those payments.

On July 11, 2017, respondent served petitioners with a request for admissions. In this request respondent asked petitioners to admit: (1) that they received during 2014 a Maryland tax refund of $3,236; (2) that they had no documentation to substantiate the claimed mortgage insurance premium deduction of $849; and (3) that they received from the SSA during 2014 a lump-sum payment of $59,895, which represented $15,994 of benefits accrued during 2012, $18,940 of benefits accrued during 2013, and $24,961 of benefits accrued during 2014. Petitioners did not respond to this request for admissions. As a result, these matters are deemed admitted and are conclusively established for purposes of this case. See Rule 90(c), (f).

Respondent filed a motion for summary judgment on August 18, 2017. We ordered petitioners to respond to the motion by September 22, 2017, warning them that "failure to file a response may be grounds for granting the motion." Petitioners did not respond to our order.

**[\*5]**                                          <u>Discussion</u>

A.     <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Ibid.</u> However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Petitioners have set forth no facts showing that there is a genuine dispute for trial. Because they failed to respond to the motion for summary judgment, we could enter a decision against them for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[\*6]** B.      <u>Unreported Income</u>

The IRS' determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). The U.S. Court of Appeals for the Fourth Circuit, the appellate venue in this case absent stipulation to the contrary, has held that the usual presumption of correctness applies in omitted income cases where the IRS employs a "reasonable method of determining income." <u>Williams v. Commissioner</u>, 999 F.2d 760, 763-764 (4th Cir. 1993), <u>aff'g</u> T.C. Memo. 1992-153.

The only question presented for decision concerns petitioners' failure to report the lump-sum Social Security payment.[2] Respondent received from the SSA a Form SSA-1099 reporting payment to petitioner of a $59,895 benefit during 2014. Because petitioners failed to respond to the IRS request for admissions, they are deemed to have admitted that they received this income. <u>See</u> Rule 90(c); <u>Nis Family Tr. v. Commissioner</u>, 115 T.C. 523, 528 (2000). Respondent has thus shown reliance on a reasonable method of determining income. <u>See</u> <u>Marshall v.</u>

---

[2]Petitioners in their petition did not assign error to the IRS' determinations that they had failed to report the full amount of their taxable refund of State income tax and that they had failed to substantiate their claimed deduction for mortgage insurance premiums. These adjustments are thereby conceded. <u>See</u> Rule 34(b)(4). In any event, both items are covered by petitioners' deemed admissions.

[*7] Commissioner, 85 T.C. 267, 272 (1985).  The burden accordingly shifts to petitioners to prove by a preponderance of the evidence that respondent's determination is arbitrary or erroneous.  Helvering v. Taylor, 293 U.S. 507, 515 (1935); Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

Section 86 provides that Social Security benefits (including disability benefits) are includible in gross income to the extent set forth in that section.  See Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), aff'd, 436 F.3d 344 (2d Cir. 2006).  The IRS calculated that $32,668 of the $59,895 Social Security benefit petitioner received in 2014 was includible in gross income under the formula set forth in section 86(a) through (c).  Petitioners have not challenged the mechanics of respondent's calculation for 2014.  Rather, they contend that no portion of the $59,895 benefit was includible in gross income because, if they had instead received annual payments of $15,994, $18,940, and $24,961 as the benefits accrued during 2012-2014, no tax would have been due.

Section 86(e) provides that a taxpayer may make an election with respect to a lump-sum Social Security payment received during the taxable year if a portion of the payment is attributable to prior years.  If this election is made, the amount included in gross income for the year of receipt, by reason of the portion attributable to the prior years, will not exceed the sum of the increases in gross income

**[\*8]** for prior years that would have resulted if the portions attributable to prior years had been received in such prior years. See sec. 86(e)(1); Pollard v. Commissioner, T.C. Memo. 2011-132, 101 T.C.M. (CCH) 1641, 1642. A taxpayer makes this election on his tax return for the year of receipt by following the instructions in IRS Publication 915, Social Security and Equivalent Railroad Retirement Benefits, at 11 (2014). This election does not immunize benefits from taxation but "merely provides an alternative method of applying the formula to determine the taxable portion of the Social Security benefits." Pollard, 101 T.C.M. (CCH) at 1642. If no election is made, a lump-sum distribution of Social Security benefits is includible in gross income, to the extent determined by the statutory formula, for the taxable year in which the benefit is received. Ibid.

The argument petitioners advance is incorrect for at least two reasons. First, they did not make the election permitted by section 86(e). Because they failed to report on their 2014 tax return any portion any of the Social Security benefit petitioner received in 2014, they could not possibly have made this election.

Second, even if petitioners had made the section 86(e) election, they have provided no reason to believe that it would have resulted in a lower tax liability than that which the IRS has determined. Respondent attached to his motion for summary judgment worksheets showing the amount of tax that petitioners would

**[*9]** owe if they had elected to pay tax using the section 86(e) election. Those worksheets show that petitioners would owe more tax if they had made the election than the amount of tax shown in the notice of deficiency.

For these reasons, we conclude that respondent's determinations of unreported income, as set forth in the notice of deficiency, are correct, and those determinations are sustained. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Powerstein v. Commissioner, T.C. Memo. 2011-271, 102 T.C.M. (CCH) 497, 506.

To reflect the foregoing,

An appropriate order and decision will be entered.