152 T.C. No. 6

UNITED STATES TAX COURT

LEVON JOHNSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1394-16.                                  Filed March 11, 2019.

In 2014 P received $4,460 in monthly advance payments of the premium tax credit (PTC) under the Affordable Care Act. P's reported modified adjusted gross income (MAGI) was within the amount needed to qualify him for the PTC. P did not include in his MAGI all Social Security benefits received during 2014, which included a lump sum attributable to 2013. In his amended 2014 Federal income tax return P made an I.R.C. sec. 86(e) election to exclude a portion of the 2013 Social Security benefits received during 2014 from his gross income. P's amended return showed $1,250 of excess advance payments of the PTC.

Respondent determined that P's excess PTC was the entire $4,460 because, under I.R.C. sec. 36B, all of P's Social Security benefits received during 2014 (including those relating to 2013) must be included in computing whether P was entitled to the PTC. The inclusion of all Social Security benefits would result in P's having MAGI outside of the range for entitlement to the PTC.

       Held:  For purposes of determining a taxpayer's eligibility for a PTC pursuant to I.R.C. sec. 36B, MAGI includes all Social Security benefits received during the taxable year irrespective of any I.R.C. sec. 86(e) election.

       Held, further, R's determination is sustained.

Walter Edward Afield, for petitioner.

Huiwen A. Xi and John W. Sheffield III, for respondent.

OPINION

       GERBER, Judge:  Respondent determined a $4,460 income tax deficiency for petitioner's 2014 taxable year.  This case was submitted fully stipulated pursuant to Rule 122.[1]  The seminal legal issue, one of first impression, concerns whether, for purposes of determining petitioner's eligibility for a premium tax credit (PTC), section 36B requires the inclusion of Social Security benefits in petitioner's computation of Modified Adjusted Gross Income (MAGI) in spite of a section 86(e) election.  That is, we consider whether petitioner must include in his

---

       [1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.  All amounts are rounded to the nearest dollar.

2014 MAGI all the Social Security benefits received in 2014, including lump-sum amounts relating to 2013 for which petitioner filed a section 86(e) election.

Background

The following facts are derived from the joint stipulation of facts and attached exhibits. Petitioner, while residing in the State of Georgia, timely filed his petition with the Court.

In 2014 petitioner received $26,180 of Social Security benefits, of which $11,902 was attributable to a lump-sum payment relating to 2013 and $14,278 was attributable to 2014 Social Security benefits. During 2014 petitioner enrolled in a health insurance plan through the health insurance marketplace. From March through December 2014 petitioner received monthly advance payments of the PTC (APTC) of $446 to cover a portion of the cost of the monthly health insurance premiums. Petitioner received a total of $4,460 in APTCs during 2014.

Petitioner timely filed his 2014 Form 1040, U.S. Individual Income Tax Return, on which he reported $24,450 of wages and $7,509 of taxable Social Security benefits. He did not report any excess APTCs on his 2014 Form 1040 and did not file the required Form 8962, Premium Tax Credit (PTC).

Respondent, in a notice of deficiency dated November 6, 2015, determined that petitioner must repay $4,460 of excess APTCs. On March 10, 2016,

petitioner made a section 86(e) election on an amended Form 1040A, U.S. Individual Income Tax Return. On his 2014 amended Form 1040A, he reported $31,137 of adjusted gross income, consisting of $24,450 of wages and $6,687 of taxable Social Security benefits. On his Form 8962, he reported MAGI of $38,728, which included his Social Security benefits relating to 2014 and a portion relating to 2013. Petitioner also reported an excess APTC repayment of $1,250 on his amended Form 1040A and Form 8962.

## Discussion

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, petitioner bears the burden of showing he was entitled to a PTC for 2014.[2]

Congress enacted the Patient Protection and Affordable Care Act (ACA), Pub. L. 111-148, 124 Stat. 119 (2010), to "improve access to and the delivery of health care services for all individuals, particularly low income, underserved,

---

[2]There is no dispute between the parties concerning the burden of proof in this case, and the facts were agreed to and submitted to the Court by the parties.

uninsured, minority, health disparity, and rural populations". Id. sec. 5001, 124 Stat. at 588. Section 36B, a provision enacted as ACA secs. 1401 and 10105, 124 Stat. at 213, 906, permits certain specified taxpayers to receive a subsidy, reducing the cost of health insurance purchased through a health insurance exchange, in the form of a Federal income tax credit equal to the PTC amount for the taxable year. Sec. 36B(a), (b), and (c); see McGuire v. Commissioner, 149 T.C. 254, 259-260 (2017) (providing a full discussion of eligibility requirements).

The PTC is generally available to taxpayers with a household income of at least 100% but not more than 400% of the Federal poverty line. Sec. 36B(c)(1); sec. 1.36B-2(b)(1), Income Tax Regs. Household income is the sum of the taxpayer's MAGI plus the MAGI of family members: (1) for whom the taxpayer properly claims deductions for personal exemptions and (2) who were required to file a Federal income tax return under section 1. Sec. 36B(d)(2). The Federal poverty line is defined by the Office of Management and Budget and is updated by the Secretary of Health and Human Services. Sec. 36B(d)(3); Balanced Budget Act of 1997, Pub. L. No. 105-33, sec. 4901(a), 111 Stat. at 570 (codified at 42 U.S.C. sec. 1397jj(c)(5) (2018)); Community Opportunities, Accountability, and Training and Educational Services Act of 1998, Pub. L. No. 105-285, sec. 201, 112 Stat. at 2729 (codified at 42 U.S.C. sec. 9902(2) (2018)). APTCs are paid

directly to an insurance provider during the year, and taxpayers are required to reconcile any APTCs received with the eligible credit amount on Form 8962, which is filed with their Federal income tax returns.  Sec. 36B(f); ACA sec. 1412, 124 Stat. at 231 (codified at 42 U.S.C. sec. 18082 (2012)).

I.  Modified Adjusted Gross Income

The parties' dispute concerns whether petitioner is entitled to any part of the PTC.  Before we are able to decide the amount of any credit, we must first decide whether petitioner is required to include in MAGI any of the Social Security benefits he received during 2014, including the nontaxable amounts relating to 2013, even though he made a section 86(e) election to exclude it from his gross income.

Section 36B defines MAGI, in relevant part, as follows:

SEC. 36B(d).  Terms Relating to Income and Families.--For purposes of this section--

* * * * * * *

(2) Household Income.--

* * * * * * *

(B) Modified adjusted gross income.--The term "modified adjusted gross income" means adjusted gross income increased by--

\*     \*     \*     \*     \*     \*     \*

(iii) an amount equal to the portion of the taxpayer's social security benefits (as defined in section 86(d)) which is not included in gross income under section 86 for the taxable year.

See also sec. 1.36B-1(e)(2), Income Tax Regs.

The parties agree that petitioner's 2014 adjusted gross income is $31,137 (including only $6,687 of taxable Social Security benefits as a result of a section 86(e) election) and that he received $26,180 of total Social Security benefits in 2014. Petitioner contends, relying primarily on the intended purpose of the ACA, its legislative history, and public policy arguments, that his section 86(e) election should result in the exclusion from his 2014 MAGI all the Social Security benefits attributable to 2013 or, alternatively, the Social Security benefits attributable to 2013 except the portion of his 2013 benefits included in his 2014 gross income. Respondent contends, however, that section 36B is clear and that petitioner's section 86(e) election has no effect on the computation of his 2014 MAGI. Respondent therefore contends that petitioner must include in his 2014 MAGI all of the Social Security benefits received in 2014 (i.e., $6,687 of taxable and

$19,493 of nontaxable Social Security benefits--the entire $26,180) regardless of the year to which the benefits were attributable.

To properly consider the parties' positions, we first must analyze "whether the language at issue has a plain and unambiguous meaning". Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)); see BedRoc Ltd. v. United States, 541 U.S. 176, 183 (2004). We apply the plain meaning of the text unless the meaning is "inescapably ambiguous", Garcia v. United States, 469 U.S. 70, 76 n.3 (1984) (Jackson, J., concurring) (quoting Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 395 (1951)), because "[w]here legislative 'will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive'", Allen v. Commissioner, 118 T.C. 1, 7 (2002) (quoting Negonsott v. Samuels, 507 U.S. 99, 104 (1993)); see Venture Funding, Ltd. v. Commissioner, 110 T.C. 236, 241-242 (1998), aff'd, 198 F.3d 248 (6th Cir. 1999). When construing a statute, however, "'[i]t is our duty "to give effect, if possible, to every clause and word"' so as to avoid rendering any part of the statute meaningless surplusage." 15 W. 17th St. LLC v. Commissioner, 147 T.C. 557, 586 (2016) (quoting United States v. Menasche, 348 U.S. 528, 538-539 (1955), and citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 171 (1803)).

A.  Not Included in Gross Income

We begin by analyzing the statutory phrase "not included in gross income under section 86 for the taxable year" within the context of section 36B(d)(2)(B)(iii).

Section 86(d) defines  "social security benefit[s]" as "any amount received by the taxpayer by reason of entitlement to--(A) a monthly benefit under title II of the Social Security Act, or (B) a tier 1 railroad retirement benefit."  Whether and to what extent Social Security benefits are included in a taxpayer's gross income (i.e., the taxable amount of Social Security benefits received) is calculated pursuant to a statutory formula set forth in section 86.  Sec. 86(a)-(d); see McAdams v. Commissioner, 118 T.C. 373, 375-376 (2002).  A taxpayer, however, may make a section 86(e) election if the taxpayer receives a lump-sum Social Security benefit, which is attributable to a prior year.

Without a section 86(e) election, a taxpayer calculates his MAGI for purposes of section 36B by increasing his adjusted gross income by the portion of Social Security benefits received in a taxable year that is not included in gross income.  See sec. 36B(d)(2)(B); sec. 1.36B-1(e)(2)(iii), Income Tax Regs.  See generally Grant v. Commissioner, T.C. Memo. 2018-119.  If petitioner had not

made a section 86(e) election, his MAGI would be determined by increasing his adjusted gross income by $19,493, the nontaxable amount.

Petitioner, however, made a section 86(e) election, and we must now determine the effect, if any, a section 86(e) election has on petitioner's MAGI. In general a section 86(e) election affects the amount of Social Security benefits included in gross income for the year of receipt. The amount included in gross income for the year of receipt, by reason of the portion attributable to a prior year, will not exceed the increase in gross income for the prior year that would have resulted if the portion attributable to the prior year had been received in that year. See sec. 86(e)(1); see also Robbins v. Commissioner, T.C. Memo. 2017-247; Pollard v. Commissioner, T.C. Memo. 2011-132.

B. Under Section 86 for the Taxable Year

The plain text of section 36B requires that a taxpayer include, in computing his MAGI, Social Security benefits "which * * * [were] not included in gross income under section 86 for the taxable year." Sec. 36B(d)(2)(B)(iii). Section 36B and its accompanying regulations do not explicitly address the mechanics or meaning of a section 86(e) election.

Petitioner contends that section 36B is ambiguous because of the confluence of the phrases "for the taxable year" and "under section 86". Petitioner argues that

"for the taxable year" references his taxable year as defined in section 441 (i.e., his calendar year) and, therefore, his MAGI includes only Social Security benefits attributable to 2014, not those attributable to 2013. Petitioner argues that the phrase "under section 86" requires that section 36B be read to include the entirety of section 86, including section 86(e).

The year of <u>receipt</u>, as opposed to the year to which the Social Security benefits <u>are attributable</u>, is the significant definitive factor. <u>See</u> secs. 441, 451. It is an established legal principle that a cash method individual generally reports income in the year it is received, even if the benefits are attributable to a prior year. <u>See</u> sec. 451(a); sec. 1.451-1(a), Income Tax Regs. In that regard petitioner agrees that the Social Security benefits attributable to 2013 are "technically taxed" in the year received. Accordingly, the phrase "for the taxable year" is not ambiguous.

Petitioner argues, however, that "[a]lthough the lump-sum payment [relating to 2013] is technically taxed in the year the lump-sum payment is received, a portion of it is includible in income only because it is attributable to tax owed in a prior taxable year under [s]ection 86." That is, the Social Security benefits received in 2014 but attributable to 2013 are not Social Security benefits received "under section 86 for the [2014] taxable year".

Although section 36B and its accompanying regulations are silent with regard to the effect, if any, on MAGI if a taxpayer makes a section 86(e) election, section 36B and the underlying regulations provide that Social Security benefits received in a taxable year that were "not included in gross income under section 86 for the taxable year" must be added to a taxpayer's MAGI. Sec. 36B(d)(2)(B)(iii); see sec. 1.36B-1(e)(2), Income Tax Regs. Petitioner, however, misinterprets the application of section 36B when a section 86(e) election has been made. A section 86(e) election determines the amount included in gross income for the year of receipt. Petitioner's section 86(e) election simply determined which amount of the lump-sum payment attributable to 2013 should be included in his gross income for 2014. We find that the phrase "under section 86" is not ambiguous and the cross-reference requires the consideration of section 86 in its entirety, including section 86(e).

For the aforementioned reasons, we hold that the text of the statute is not ambiguous and that petitioner must include in his MAGI all of the Social Security benefits received in 2014, irrespective of the section 86(e) election. As a result, petitioner's adjusted gross income is increased by the amount of Social Security benefits not included in gross income and, as explained below, his MAGI exceeds the established threshold for PTC eligibility by a relatively small amount. We are

cognizant that petitioner's MAGI exceeded the threshold by a relatively small amount, but we are bound by the statute as written. See Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986).

Assuming arguendo that section 36B and its accompanying regulations were ambiguous, the legislative history supports our conclusion and holding that a taxpayer must include all Social Security benefits received during a taxable year in a taxpayer's MAGI for the taxable year in question. When the ACA was initially enacted, MAGI did not require the inclusion of nontaxable Social Security benefits. See ACA sec. 1401(a), 124 Stat. at 217-218. The definition of MAGI, however, was amended to specifically include the full amount of a taxpayer's Social Security benefits. See Act of Nov. 21, 2011, Pub. L. No. 112-56, sec. 401(a), 125 Stat. at 734; see also H.R. 2576, 112th Cong. (2011); H.R. Rept. No. 112-254, at 2 (2011).

Petitioner contends that denying him the PTC because of income attributable to a prior year leads to an absurd result, which is contrary to the intended purpose of the ACA, and that he is within the class of persons that the statute was intended to assist. We, however, do not find that the interpretation of the statute leads to an absurd result in this case. Moreover, we cannot ignore the law to achieve an equitable end. See Commissioner v. McCoy, 484 U.S. 3, 7

(1987); <u>McGuire v. Commissioner</u>, 149 T.C. at 262. While we are sympathetic to petitioner's situation, his MAGI exceeded eligible levels, and we are bound by the statute as written.

## II. Eligibility and Repayment of the PTC

For the purpose of determining PTC eligibility, a taxpayer eligible for PTCs is generally a taxpayer whose household income is at least 100% but not more than 400% of the Federal poverty line for the taxpayer's family size for the taxable year. Sec. 36B(c)(1); sec. 1.36B-2(b)(1), Income Tax Regs. Household income is defined as the taxpayer's MAGI plus the MAGI of certain family members. Sec. 36B(d)(2). Petitioner's MAGI is his adjusted gross income increased by the total amount of Social Security benefits not included in his gross income, $50,630.

The parties stipulated, and we find, that $50,630 is 441% of the Federal poverty line for 2014. <u>See</u> 78 Fed. Reg. 5182-5183 (Jan. 24, 2013). Because petitioner's household income exceeded 400% of the 2014 Federal poverty line, he did not qualify for the PTC; and the full amount of the APTCs he received during 2014 must be included as a tax liability on his tax return. Sec. 36B(c)(1)(A), (f)(2)(A); sec. 1.36B-4(a)(4), <u>Example</u> (<u>5</u>), Income Tax Regs.; <u>see McGuire v. Commissioner</u>, 149 T.C. at 261-262. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

**Decision will be entered for**

**respondent**.
