T.C. Summary Opinion 2020-5

UNITED STATES TAX COURT

TRACEY RENE MERRELL AND CHRISTOPHER L. MERRELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14862-18S.                    Filed January 16, 2020.

Tracey Rene Merrell and Christopher L. Merrell, pro sese.

<u>Albert B. Brewster II</u> and <u>Willis B. Douglass</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 7, 2018, respondent determined that petitioners are liable for a Federal income tax deficiency of $7,396 and an accuracy-related penalty of $1,479 for the taxable year 2015 (year in issue). Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a). When the petition was filed, petitioners resided in California.

After concessions[2] the issues remaining for decision are whether petitioners (1) failed to include in taxable income certain Social Security benefits paid to Mrs. Merrell and (2) are liable for the additional tax prescribed in section 72(t) in respect of a premature distribution to Mr. Merrell from an IRA.

---

[1](...continued)
Revenue Code (Code) of 1986, as amended and in effect for the taxable year 2015, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners concede that they (1) failed to report interest income of $43, (2) are not entitled to deduct $5,000 for a contribution to an individual retirement account (IRA), and (3) are not entitled to deduct legal fees related to a bankruptcy proceeding. Respondent concedes that petitioners (1) did not have unreported wage income of $1,109 and (2) are not liable for an accuracy-related penalty under sec. 6662(a).

Background[3]

During the year in issue Mrs. Merrell received Social Security benefits totaling $26,812, including benefits of $9,772 that were otherwise payable to her in 2014, and Mr. Merrell received a distribution of $17,410 from an IRA. Mr. Merrell had not attained the age of 59½, nor was he disabled during the year in issue.

Petitioners filed a timely joint Federal income tax return for the taxable year 2015 reporting total income of $67,658, comprising wages of $50,248 and the aforementioned IRA distribution of $17,410. Petitioners did not report any Social Security benefits on their tax return, nor did they indicate that they intended to make an election to include any amount of Social Security benefits in taxable income for 2014. As indicated above, respondent determined that petitioners were obliged to include in taxable income for 2015 Social Security benefits of $22,790 (representing 85% of the Social Security benefits of $26,812 paid to Mrs. Merrell).

On June 15, 2018, after receiving the notice of deficiency in dispute, petitioners submitted to the Internal Revenue Service (IRS) a handwritten letter titled "1040X 2015" identifying a number of proposed changes to their original

_____

[3]Some of the facts have been stipulated.

tax return, including the addition of "$14,484 for taxable social security income." The IRS did not process petitioners' amended return for 2015.

Petitioners also submitted to the IRS an amended income tax return for 2014 reporting taxable Social Security benefits of $8,306 (representing 85% of the Social Security benefits of $9,772 paid to Mrs. Merrell in 2015 that were otherwise payable to her in 2014) and related income tax of $1,284. The IRS did not process petitioners' amended return for 2014.

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4] Petitioners do not contend and the record does not suggest that respondent bears the burden of proof under section 7491(a) with respect to the issues discussed below.

## I. Social Security Benefits

Section 61(a) provides that "gross income means all income from whatever source derived". Section 86 provides that Social Security benefits may be subject

---

[4]Petitioners acknowledge that Mrs. Merrell received Social Security benefits of $26,812 in 2015.

to income tax pursuant to a statutory formula. If a taxpayer's "modified adjusted gross income" plus one-half of the Social Security benefits received during the taxable year exceeds the "base amount", then a portion of the taxpayer's Social Security benefits is includable in gross income. Sec. 86(a)-(d).

Taxpayers may make an election with respect to the amount of a lump-sum payment of Social Security benefits received during a taxable year in which a portion of the payment is attributable to previous years. Section 86(e) provides that if the election under that section is made, the amount included in gross income for the taxable year of receipt must not exceed the sum of the increases in gross income for those previous taxable years that would result from taking into account the portion of the benefits attributable to the previous taxable years. Although section 86(e)(2)(B) provides that an election under that subsection shall be made in such manner as the Secretary shall prescribe in regulations, no such regulations have been promulgated to date.

In Pollard v. Commissioner, T.C. Memo. 2011-132, slip op. at 5, the Court described the section 86(e) election as follows:

> Section 86(e) is consistent with the general rule that taxpayers * * * who use the cash receipts and disbursements method of accounting must include an item in gross income when it is actually or constructively received. Sec. 451(a); sec. 1.451-1(a), Income Tax Regs. Thus, a lump-sum payment of Social Security benefits is to be

included in gross income in the year in which the payment is received rather than in the years to which the payment is attributable, to the extent that application of the formula results in a taxable amount. The election merely provides an alternative method of applying the formula to determine the taxable portion of the Social Security benefits.

Petitioners did not make an election under section 86(e) on their original income tax return for the year in issue. In any event respondent maintains that an election under section 86(e) would not affect petitioners' tax liability. Although petitioners disagree with respondent on that point, they did not offer their original tax return for 2014, worksheets, or similar records that would show otherwise. From the limited information that petitioners offered into evidence, it does not appear that an election under section 86(e) would alter their tax liability. Consequently, respondent's determination is sustained.

## II. Section 72(t)

Section 72(t)(1) imposes an additional tax of 10% on the portion of a distribution from a qualified retirement plan as defined in section 4974(c) (e.g., an IRA) that is includable in gross income, unless the distribution falls under one of the exceptions prescribed in section 72(t)(2). Petitioners assert that the additional tax under section 72(t) is not applicable in this case because Mr. Merrell received

what was otherwise a premature IRA distribution at a time when Mrs. Merrell was disabled.

Section 72(t)(2)(A)(iii) provides that the additional 10% tax does not apply to a distribution that is attributable to the employee's being disabled within the meaning of section 72(m)(7). In the case of an IRA the term "employee" is defined in section 72(t)(5) as "the individual for whose benefit such plan was established."

There is no dispute that Mr. Merrell was the individual for whose benefit the IRA in question was established, and the parties agree that he was not disabled during the year in issue. Because section 72(t)(2)(A)(iii) requires that a distribution be attributable to the employee's disability for the exception to the 10% additional tax to apply, the section 72(t)(2)(A)(iii) exception is not available to petitioners. See, e.g., Barkley v. Commissioner, T.C. Memo. 2004-287. Consequently, respondent's determination that petitioners are liable for the additional tax prescribed in section 72(t) in respect of Mr. Merrell's IRA distribution is sustained.

As a final matter, petitioners maintain that they will suffer economic hardship if the additional tax prescribed in section 72(t) is imposed in this case. We have considered similar claims in the past and have observed that there is no

authority in the Code or caselaw for an equitable or hardship exception to the imposition of income tax and the additional tax prescribed in section 72(t) on early distributions from a retirement account.  See Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Adams v. Commissioner, T.C. Memo. 2015-162, at *8; Dollander v. Commissioner, T.C. Memo. 2009-187.  The Court may not add an exception to the Code by judicial fiat, and we are obliged to apply the law as written.  See Iselin v. United States, 270 U.S. 245, 250-251 (1926).

To reflect the foregoing,

Decision will be entered

under Rule 155.