T.C. Memo. 2012-136

UNITED STATES TAX COURT

CHARLES C. BRASHEAR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27743-10.                          Filed May 15, 2012.

Charles C. Brashear, pro se.

Brook S. Laurie, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $6,709 in

petitioner's Federal income tax for 2008 and a penalty of $1,342 under section

6662(a).  The deficiency resulted primarily from petitioner's failure to report an

early distribution from his retirement plan and included a section 72(t) additional tax

on the distribution.  All section references are to the Internal Revenue Code (Code) for the year in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioner resided in Texas when he filed his petition.

On July 10, 2008, petitioner received an early distribution of $22,065 from an individual retirement account (IRA) maintained at National Financial Services, L.L.C. (NFS).  Petitioner was less than 59-1/2 years old at the time.

NFS reported the distribution on a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., indicating by code on the form that the payment was an "[e]arly distribution from a Roth IRA, no known exception".  Petitioner did not receive the Form 1099-R, and he did not report the distribution on his Federal income tax return for 2008.

During 2008, petitioner received a $203 tax refund from the State of California.  He did not report that refund on his Federal income tax return for 2008.

Respondent determined that petitioner was liable for tax on the distribution from NFS and the State tax refund, the additional 10% tax on the early distribution from his IRA, and a 20% penalty pursuant to section 6662 for negligence or a substantial understatement of income tax.

OPINION

In his petition, petitioner alleged that he withdrew funds from his IRA "due to its rapidly shrinking value", that he intended to invest the funds in a condominium in California, and that thereafter he lost his job and his residential lease. He further alleged that he moved to Texas in 2009 and had enough of the withdrawn proceeds remaining to invest in a residence and claim an $8,000 first-time homebuyer credit. See sec. 36.

At trial, petitioner testified that he withdrew the funds from his IRA after he lost his job and became homeless in 2008. With help from a friend, he was able to move to Austin, Texas, in 2008 and bought a home "a year-and-a-half" after arriving there.

Petitioner testified that the broker handling his NFS account had mentioned a 10% penalty for an early distribution, that he did not receive the Form 1099-R sent by NFS, and that he was unaware that income tax was due on the distribution.

Although respondent's pretrial memorandum explained conditions under which qualified distributions from an IRA are excluded from gross income, petitioner has not contended that he satisfies any of those conditions. There is no evidence to suggest that any part of the distribution he received in 2008 may be excluded. See secs. 61(a), 408A(d).

Although respondent's pretrial memorandum explained circumstances under which early distributions from an IRA are not subject to the 10% additional tax on early distribution, petitioner has not contended that any of those circumstances apply; his testimony suggests that they do not. See sec. 72(t)(2), (8). We conclude that the distribution is subject to income tax and to the 10% additional tax.

Petitioner does not contest that he received the State income tax refund or that he claimed an itemized deduction for State income tax on his 2007 return. He is, therefore, taxable on that item. See sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92 (and cases there cited).

Petitioner's only arguments are that he was taken by surprise when he received the notice of deficiency, that the liability is a large part of his current net worth, and that payment would cause hardship. These arguments do not affect the

deficiency and would be relevant only when the Internal Revenue Service commences collection efforts with respect to the decision to be entered in this case.

Respondent has the burden of producing evidence that the section 6662(a) penalty applies. See sec. 7491(c). Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs.

A substantial understatement of income tax exists if the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The stipulated omission of significant income in this case and the resulting understatement in excess of $5,000 satisfy respondent's burden of showing that the section 6662 penalty is appropriate, and petitioner must show that the penalty should not be imposed.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448.

Petitioner argues only that he relied on misinformation from an unidentified broker.  He has not shown that he sought competent tax advice or otherwise tried to determine whether he should report the IRA distribution on his tax return for 2008 and thus has not shown reasonable cause for the underpayment of tax.  We conclude that he is liable for the penalty.  For the foregoing reasons,

Decision will be entered for respondent.