

# United States Tax Court
Washington, DC 20217

QUINTIN K. KIILI,

     Petitioner

     v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent

Docket No. 16625-21.

## ORDER

Pursuant to Rule 152(b) of the Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner Quintin K. Kiili and to the Commissioner a copy of the pages of the transcript of the trial in this case before the undersigned at the Honolulu, Hawaii, remote session containing his oral findings of fact and opinion rendered at the trial session at which the case was heard.

In accordance with the oral findings of fact and opinion, an appropriate decision will be entered after the expiration of the 30-day period prescribed in Rule 231(a)(2)(B).

**(Signed) Patrick J. Urda**
**Judge**

**Served 05/26/22**

Bench Opinion by Judge Patrick J Urda

April 14, 2022

Quintin K. Kiili v. Commissioner

Docket No. 16625-21

THE COURT: The Court has decided to render the following as its oral findings of fact and opinion in this case. This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152, and it shall not be relied upon as precedent in any other case. Rule references in this opinion are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended and in effect at all relevant times.

By notice of deficiency dated February 22, 2021, the Internal Revenue Service (IRS) determined a deficiency of $2,200 in petitioner Quintin K. Kiili's 2018 Federal income tax. The question before us is whether Mr. Kiili correctly excluded Social Security benefits of $7,929 and a state income tax refund of $1,372 from the taxable income he reported on his 2018 tax return. We conclude that he did not and that the Commissioner's determination of a deficiency was correct.

We held a trial for this case remotely via Zoom.gov on April 11, 2022, at the Court's trial session



(973) 406-2250 | operations@escribers.net | www.escribers.net

for cases associated with Honolulu, Hawaii. Mr. Kiili represented himself, while Heather L. Wolfe represented the Commissioner. We find the following facts:

FINDINGS OF FACT

I. *Mr. Kiili's 2018 Tax Reporting*

On his 2018 federal income tax return, Mr. Kiili reported wage income of $56,795 from his job working for the state of Hawaii. He also reported Social Security benefits of $9,328, identifying $7,929 of that amount as taxable. He did not report any taxable refunds, credits, or offsets of state and local income taxes. Based on his tax reporting (and his federal tax withholdings), Mr. Kiili asserted that he was entitled to a refund of $368.

II. *IRS Examination and Notice of Deficiency*

The IRS subsequently selected Mr. Kiili's 2018 tax return for examination. Based on third-party reporting from the Hawaii Department of Taxation and the Social Security Administration, the IRS concluded that he had incorrectly failed to report a state income tax refund of $1,372 and Social Security retirement benefits of $7,929.

Based on these revised income figures, the IRS determined a deficiency of $2,200 and issued Mr. Kiili a corresponding notice of deficiency.

Mr. Kiili timely petitioned this Court for



redetermination. At the time he filed his petition, Mr. Kiili resided in Hawaii.

OPINION

I. *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving error in the determinations. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Mr. Kiili does not contend, and the evidence does not establish, that the burden of proof should shift to the Commissioner under section 7491(a).

The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, *see* § 7482(b)(1)(A), (2), has held that for the presumption of correctness to attach to a notice of deficiency in unreported income cases, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the income-producing activity, *see Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977), or demonstrating that the taxpayer actually received unreported income, *see Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir. 1982). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who

must establish by a preponderance of the evidence that the unreported income adjustment was arbitrary or erroneous. *See Hardy v. Commissioner*, 181 F.3d 1002, 1004 (9th Cir. 1999), *aff'g* T.C. Memo. 1997-97.

In this case, there is no dispute that Mr. Kiili received the unreported income at issue. The IRS determined that Mr. Kiili failed to report income from two distinct sources: Social Security benefits and his state tax refund. The Commissioner has provided a certified transcript stating that the IRS received a Form SSA-1099 benefits statement showing $18,656 of Social Security payments made to Mr. Kiili in 2018 as well as a Form 1099-G from the Hawaii Department of Taxation showing a $1,372 state income tax refund from 2017 paid to Mr. Kiili in 2018. At trial, Mr. Kiili did not dispute that he received the unreported Social Security benefits or state income tax refund. The Commissioner accordingly has established the requisite minimal evidentiary foundation linking Mr. Kiili and his activities to the unreported income. *See Alonim v. Commissioner*, T.C. Memo. 2010-190, 2010 WL 3397493, at *1.

Mr. Kiili accordingly has the burden of proof to show that the Commissioner's determinations were arbitrary or erroneous.

II. *Analysis*



Although Mr. Kiili acknowledged the receipt of Social Security benefits in 2018, he took the position that these benefits were not taxable based upon a letter he received from the Social Security Administration, which stated "[i]f you are at full retirement age or older you may keep all of your benefits no matter how much you earn." Mr. Kiili drew the conclusion that, if he is subject to tax on his Social Security benefits, then he would not be keeping all the benefits.

Gross income generally means all income from whatever source derived, including Social Security benefits. *See* §§ 61, 86(a). Section 86(a) provides "that gross income for a taxable year of any taxpayer includes up to 85% of Social Security benefits received during the taxable year." *Brady v. Commissioner*, T.C. Memo. 2013-1, at *4. Mr. Kiili received $18,656 in Social Security benefits during 2018, and pursuant to section 86(a)(2)(B), 85% of the benefits were required to be included in his gross income. The notice of deficiency determined that $15,858 (85% of the total amount of Social Security benefits) should be included in his gross income, and Mr. Kiili has not demonstrated that this calculation was in error.

As to the other income adjustment in the notice of deficiency, Mr. Kiili raises no issue suggesting that

the state income tax refund he received in 2018 was not taxable. He is therefore taxable on that item as well, as determined in the notice of deficiency. *See* §§ 61, 111(a); *Brashear v. Commissioner*, T.C. Memo. 2012-136, 2012 WL 1698733 at *2.

We will accordingly sustain the deficiency determinations stemming from the adjustments to Mr. Kiili's gross income.

III. *Conclusion*

Based upon the evidence before the Court, we conclude that the Commissioner did not err in determining a deficiency of $2,200 in Mr. Kiili's 2018 taxes. We accordingly will enter a decision in favor of the Commissioner.

This concludes the Court's oral Findings of Fact and Opinion in this case.

(Whereupon, at 10:25 a.m., the above-entitled matter was concluded.)